FILED

2022 May-24  PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARLA LYNETTE BANKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** _____ |
| | ) | |
| **V.** | ) | **Pending in the Bessemer Division of** |
| | ) | **of the Circuit Court of** |
| **VSS TRANSPORTATION** | ) | **Jefferson County, Alabama as** |
| **GROUP, INC.** | ) | **68-CV-2021-900609.00** |
| | ) | |
| **Defendant.** | ) | |

### NOTICE OF REMOVAL

COMES NOW this Defendant, VSS Transportation Group, Inc., and files this

Notice of Removal in this cause from the Bessemer Division of the Circuit Court of

Jefferson County, Alabama, in which it is now pending, to the United States District

Court for the Northern District of Alabama, Southern Division, and shows unto this

Honorable Court the following:

1.      On December 1, 2021, Plaintiff Carla Banks initiated this action by filing a

complaint in the Bessemer Division of the Circuit Court of Jefferson County, Alabama,

styled *Carla Lynette Banks v. Freddy Amador Berroa and VSS Transportation Group,*

*Inc.*, Civil Action No. 68-CV-2021-900609.00.  The lawsuit arises from a car accident of

May 25, 2021.  Banks alleges, *inter alia*, that Freddy Berroa – while driving on behalf of

VSS Transportation Group, Inc. – negligently or wantonly operated his tractor-trailer,

thereby causing a collision with her vehicle.

2.      Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action originally filed in state court to federal district court when the district court has original jurisdiction to consider the case.  "Original jurisdiction requires diversity of the parties or the existence of a federal question."  *Lost Mountain Homeowners Ass'n, Inc. v. Rice*, 248 F. App'x 114, 115 (11th Cir. 2007).  This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) as the Plaintiff and Defendant VSS Transportation Group, Inc. are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  Further, the United States District Court for the Northern District of Alabama, Southern Division, encompasses the geographic area of the Bessemer Division of the Circuit Court of Jefferson County, Alabama.

3.      The Case Action Summary for this case, from the State Judicial Information System website, AlaCourt.com, is attached as **Exhibit A**.  Copies of all process, pleadings, and orders served in the state court are attached hereto as **Exhibit B**.[1]

4.      Complete diversity of citizenship existed among these parties at the time the lawsuit was filed in state court and on the date of this Notice of Removal.[2]  Plaintiff Carla Banks is an Alabama citizen.  (Ex. B, Doc. 2, ¶ 1.)[3]  Plaintiff initially sued Freddy

---

[1] Citations to state-court filings (contained in Ex. B) are made to the state-court document number applied by Alabama's State Judicial Information System website ("SJIS").  For example, the Complaint is Document 2 on SJIS.  Therefore, citations to the Complaint are made in this format:  Ex. B, Doc. 2, [*paragraph or page number within the Complaint*].

[2] The citizenship of fictitious defendants is disregarded in determining whether an action is removable on diversity grounds.  28 U.S.C. § 1441(b)(1).

[3] In addition to the allegation of residency in the Complaint, the police report (which is a public record) reflects that Banks had an Alabama residence, an Alabama driver's license

Berroa; however, she dismissed him from this lawsuit on May 4, 2022.  (Ex. B, Doc 24.)[4]

Even so, Mr. Berroa was a citizen of Florida at the time this lawsuit was filed.  (*See*

**Exhibit C**, Affidavit of Freddy Berroa.).  VSS Transportation Group, Inc. is a Texas

corporation with its principal place of business in Carrollton, Texas.  (*See* **Exhibit D**,

Affidavit of Mark Pettway.)  Therefore, VSS Transportation Group, Inc. is a citizen of

Texas for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

     5.     The amount in controversy in this action exceeds the jurisdictional threshold

of $75,000.00, exclusive of interests and costs.  In *Roe v. Michelin*, the 11th Circuit Court

of Appeals explained a defendant's burden where a complaint is silent as to the amount of

damages sought (as is the complaint is in this case):

> If a plaintiff makes "an unspecified demand for damages in state court,
> a removing defendant must prove by a preponderance of the evidence that
> the amount in controversy more likely than not exceeds the . . . jurisdictional
> requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357
> (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*,
> 204 F.3d 1069 (11th Cir. 2000).  In some cases, this burden requires the
> removing defendant to provide additional evidence demonstrating that
> removal is proper. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744
> (11th Cir. 2010).  In other cases, however, it may be "facially apparent" from
> the pleading itself that the amount in controversy exceeds the jurisdictional
> minimum, even when "the complaint does not claim a specific amount of
> damages." *See id*. at 754 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d
> 1316,1319 (11th Cir. 2001)).

> If a defendant alleges that removability is apparent from the face of
> the complaint, the district court must evaluate whether the complaint itself
> satisfies the defendant's jurisdictional burden. In making this determination,

---

and an Alabama cell phone number.  These facts support a finding she is an Alabama
citizen.  *See Mendoza v. Thibaudeau*, No. 2:16-cv-466-FtM-38CM, 2016 U.S. Dist.
LEXIS 143727, at *5-6 (M.D. Fla. Oct. 18, 2016).

[4] In response to Plaintiff's motion to dismiss Mr. Berroa, the Alabama Circuit Court
dismissed him on May 5th.  (Ex. B, Doc. 26.)

the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").

Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F.Supp.2d 995, 999 (M.D. Ala. 2009)); *see also Williams*, 269 F.3d at 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

The Complaint alleges that Carla Banks suffered severe injuries in this accident, including "fractured ribs, head and facial pain, pain in the neck, arms, shoulders, thoracic spine, and lumbar spine, pain in the right knee and bruises and contusion to the body." (Ex. B, Doc. 2, ¶¶ 7, 11.) The Complaint further alleges Banks has suffered mental anguish. *Id.* Banks seeks compensatory damages for pain and suffering, medical expenses and lost time from work. *Id.* She also seeks an aware of punitive damages. (Ex. B, Doc. 2, ¶ 21.) For purposes of removal pursuant to 28 U.S.C. § 1446(b)(1), these averments establish the amount in controversy exceeds $75,000.00 exclusive of interest and costs regardless of the fact the Complaint fails to identify a specific amount sought for damages. *See Bush v.*

*Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317, 1318-20 (N.D. Ala. 2015) (citing *Roe v. Michelin*) ("[A plaintiff…who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000."). *Accord Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1284 (N.D. Ala. 2013); S*eckel v. Travelers Home & Marine Ins. Co.*, No. 4:12-cv-4163-KOB, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013). *But see Caldwell v. Williams*, No. 4:21-CV-563-CLM, 2021 U.S. Dist. LEXIS 223922 (N.D. Ala. Nov. 19, 2021) (remanding a slip-and-fall case despite a similar removal argument from defendants).

6.     VSS Transportation Group, Inc. was served on April 25, 2022.  (Ex. B, Doc. 28.)  This Notice of Removal is timely filed as a defendant has 30 days from the date of formal service of the summons and complaint in which to file the notice of removal.  28 U.S.C. § 1446(b)(1); *Fabre v. Bank of Am., NA*, 523 F. App'x 661, 663 (11th Cir. 2013) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (U.S. 1999)).

7.     Non-removing defendants who have been "properly joined and served" must consent to removal.  28 U.S.C. § 1446(b)(2)(A).  As stated above, Freddy Berroa was initially sued but he was dismissed prior to the filing of this notice of removal.  (Ex. B, Doc.'s 24, 26.)  As such, he need not consent to the removal.  Nonetheless, he does consent to removal.  (Ex. C, ⁋ 2.)

8.     Contemporaneous with the filing of this Notice of Removal, a copy of this Notice of Removal is being filed with the Clerk of the Bessemer Division of the Circuit Court of Jefferson County, Alabama, and served upon counsel or all adverse parties as provided in 28 U.S.C. § 1446(d).  Additionally, a Notice of Filing Notice of Removal, attached as **Exhibit E**, is being served upon the Plaintiff.  Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, this action is properly removed to this Court.

9.     VSS Transportation Group, Inc.'s Disclosure Statement is attached as **Exhibit F**.

10.    By filing this Notice of Removal, this Defendant does not waive any of its defenses, including, but not limited to, any defenses under Rule 12, FED. R. CIV. P.

_____
Thomas L. Oliver, II
Robert A. Arnwine, Jr.
*Attorneys for Defendant*

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL 35216
Telephone:   (205) 822-2056
Facsimile:    (205) 822-2057
toliver@carrallison.com
rarnwine@carrallison.com

## CERTIFICATE OF SERVICE

  This is to certify that on this the 24th day of May, 2022, a copy of the foregoing document has been served upon all counsel of record listed below by the following method:

     ___X___   via E-filing via SJIS AlaCourt.com

Erby J. Fischer
Morgan & Morgan, PLLC
2317 3rd Avenue North, Suite 102
Birmingham, Alabama 35203
Telephone: 659-204-6364
Fax:   659-204-6389
*efischer@forthepeople.com*

        */s/ Robert A. Arnwine, Jr.*
        Robert A. Arnwine, Jr.
        *Attorney for Defendant*