FILED
2022 May-24  PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>68<br><br>Date of Filing:<br>12/01/2021 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**CARLA LYNETTE BANKS v. FREDDY AMADOR BERROA ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual   **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other         ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
    Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
    Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING       A ☐ APPEAL FROM          O ☐ OTHER
                                  DISTRICT COURT

              R ☐ REMANDED          T ☐ TRANSFERRED FROM
                                        OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
FIS010                  12/1/2021 10:37:18 AM              /s/ ERBY JOHNSON FISCHER MR.
_____         _____              _____
                        Date                              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
12/17/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | |
|---|---|
| **CARLA LYNETTE BANKS, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **VS.** | )      **CIVIL ACTION NUMBER:** |
| | ) |
| **FREDDY AMADOR BERROA, an** | ) |
| **individual; VSS TRANSPORTATION** | ) |
| **GROUP, INC.** | ) |

FICTITIOUS DEFENDANTS: **No. 1**, whether singular or plural, the driver of the motor vehicle which collided with Plaintiff's vehicle and whose negligence caused the Plaintiff's injuries on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; **No. 3**, whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; **No. 4**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 5**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 6**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 7**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 8**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 9**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; **No. 10**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 12**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the

occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 13**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 15**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 16**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 17**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which provided workers compensation benefits to Plaintiff and/or on her behalf as a result of the incident made the basis of this Complaint. **No. 20**, whether singular or plural, that individual, establishment, or entity who provided, sold, procured and/or made available any and/or all alcohol and/or any substances consumed by Defendant Pulliam in the 24 hours before the incident made the basis of this Complaint. Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained],

**Defendants.**

## COMPLAINT

### STATEMENT OF THE PARTIES

1.      Plaintiff CARLA LYNETTE BANKS ("Plaintiff" or "Plaintiff  BANKS") is a

resident of Guntersville,  (Marshall County), Alabama, and is over nineteen (19) years of

age.

2.      Defendant FREDDY AMADOR BERROA ("Defendant BERROA") is, upon information and belief, over the age of (19) years and is a resident of Houston (Winston County), Alabama.

3.      Defendant VSS TRANSPORTATION GROUP, INC. ("Defendant VSS TRANSPORTATION GROUP, INC.") is, upon information and belief, a foreign corporation with its principal place of business located in Carrollton, Texas, and was doing business within the State of Alabama on May 25, 2021. Upon information and belief, Defendant BERROA was the agent, servant or employee of Defendant VSS TRANSPORTATION GROUP, INC. and was acting within the line and scope of his agency, service and/or employment at all times relevant hereto such that VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, reckless, wanton or otherwise wrongful conduct of the Defendant BERROA.

## STATEMENT OF FACTS

4.      On May 25, 2021, Plaintiff BANKS was traveling northbound in the left hand lane on Interstate 20/59 near Mile Post 115 in Bessemer, Jefferson County, Alabama.

5.      At that same date and time, Defendant BERROA was also traveling northbound in the right hand lane of Interstate 20/59 near Mile Post 115 in Bessemer, Jefferson County, Alabama.

6.      As Plaintiff BANKS lawfully proceeded down Interstate 20-59, Defendant BERROA entered into Plaintiff BANKS' lane of travel, causing his vehicle to collide with Plaintiff BANKS' vehicle.

7.      As a result of the crash, Plaintiff BANKS sustained physical injuries and damages, including, but not limited to, fractured ribs, head and facial pain, pain in the neck, arms, shoulders, thoracic spine, and lumbar spine, pain in the right knee and bruises and contusion to the body. Plaintiff BANKS was also forced to miss time off work, in addition to suffering inconvenience, medical costs and expenses, out-of-pocket costs, and mental anguish and emotional distress.

## COUNT ONE - NEGLIGENCE

8.      Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

9.      At all times relevant hereto, Defendant BERROA owed the motoring public, including the Plaintiff, certain duties of care, including:

a.      The duty to operate his vehicle in a safe manner;

b.      The duty to keep a proper lookout for other motorists;

c.      The duty to obey the Alabama Rules of the Road.

10.     On May 25, 2021, Defendant BERROA, negligently caused or allowed the motor vehicle he was operating to collide with the vehicle being operated by Plaintiff BANKS.

11.     As a proximate consequence of the negligence of the Defendant BERROA, Plaintiff BANKS was injured and damaged as follows:

a.       Fractured ribs, neck, arms, head and back pain, right knee pain, contusions to body, all requiring medical treatment and care;

b.      Pain and suffering, which Plaintiff BANKS continues to experience and will experience in the future;

c.      Medical bills, costs, and expenses, which Plaintiff BANKS has incurred and will continue to incur in the future;

d.      Out-of-pocket medical costs and expenses;

e.      Out-of-pocket, non-medical expenses;

f.      Property damage and loss;

g.      Lost wages and lost or diminished income;

h.      Lost or diminished enjoyment of life; and,

i.      Inconvenience, mental anguish, and emotional distress.

12.     At all times relevant hereto, Defendant BERROA was the agent, servant, or employee of Defendant VSS TRANSPORTATION GROUP, INC., and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant BERROA.

13.     The negligence of Defendant BERROA combined and concurred with the negligence or wrongful conduct of all other named and fictitious defendants, causing Plaintiff to be injured and damaged as a proximate result.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO – NEGLIGENCE *PER SE*

14.    At the time of the collision made the basis of this lawsuit, Defendant BERROA was operating his vehicle in violation of several of Alabama's Rules of the Road, including, without limitation, Alabama Code § 32-5A-88.

15.    Defendant BERROA's violation of the above listed Alabama statute mandates constitutes negligence *per se*.

16.    As a proximate consequence of the negligence *per se* of Defendant BERROA, Plaintiff was injured and damaged as set forth in paragraph 11 above and incorporated herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT THREE – WANTONNESS

17.    Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

18.    On May 25, 2021, Defendant BERROA, wantonly and/or recklessly caused or allowed the motor vehicle he was operating to collide with the motor vehicle being operated by Plaintiff BANKS when he unlawfully failed to keep a proper lookout, unlawfully failed to maintain control of his vehicle and unlawfully failed to maintain his lane of travel, causing a collision with Plaintiff BANKS.

19.     As a proximate consequence of the wantonness of Defendant BERROA, Plaintiff was injured and damaged as set forth in paragraph 11 above and incorporated herein.

20.     At all times relevant hereto, Defendant BERROA was the agent, servant, or employee of Defendant VSS TRANSPORTATION GROUP, INC., and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant BERROA.

21.     Plaintiff demands punitive damages of the Defendants, jointly and severally, as a result of their respective wanton conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT FOUR - RESPONDEAT SUPERIOR AND AGENCY

22.     Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

23.     Plaintiff avers and alleges that Defendant BERROA was the agent, servant or employee of Defendant VSS TRANSPORTATION GROUP, INC. and was acting within the line and scope of such agency, service or employment at the time of the accident on May 25, 2021, and consequently, Defendant VSS TRANSPORTATION

GROUP, INC., is liable for any negligent and/or wanton acts committed by Defendant BERROA while he was acting within the line and scope of his employment.

24.     Defendant BERROA negligently and/or wantonly caused or allowed the motor vehicle he was operating on the occasion made the basis of this lawsuit to collide with Plaintiff's vehicle.

25.     As a proximate consequence of the negligence, recklessness, and/or wantonness of Defendant BERROA, by and through the theories of *respondeat superior* and agency, Plaintiff was injured and damaged as described in paragraph 11 above and incorporated herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT

26.     Plaintiff adopts and re-alleges all prior paragraphs of this Complaint, as if set forth fully herein.

27.     On May 5, 2021, in Bessemer, Jefferson County, Alabama, Defendant BERROA negligently, recklessly and/or wantonly failed to maintain control of his vehicle, failed to keep a proper lookout on the roadway, failed to maintain his vehicle in a single lane of travel without first ascertaining that any movement can be made with safety, thereby causing or allowing the vehicle he was operating to violently crash into

the vehicle being operated by Plaintiff, BANKS, resulting in the injuries and damages to CARLA LYNETTE BANKS.

28. Upon information and belief, Defendant VSS TRANSPORTATION GROUP, INC. was the registered owner of the 2020 Volvo Tractor Trailer truck involved in the collision with Plaintiff.

29. Additionally, or in the alternative, Defendant BERROA was operating the 2020 Volvo Tractor Trailer truck at the time of this collision while in the agency, service, or employment of and/or at the direction or under the control of Defendant VSS TRANSPORTATION GROUP, INC..

30. Upon information and belief, Defendant VSS TRANSPORTATION GROUP, INC. negligently and/or wantonly entrusted the use of the 2020 Volvo Tractor Trailer truck to Defendant BERROA on the date made the basis of this lawsuit.

31. Defendant VSS TRANSPORTATION GROUP, INC. knew, or by the exercise of reasonable care should have known, that Defendant BERROA was incompetent to operate the 2020 Volvo Tractor Trailer truck; and/or that Defendant BERROA had a history of violating the Rules of the Road; and/or that Defendant BERROA operated the 2020 Volvo Tractor Trailer truck in an unsafe manner; and/or, based upon his driving history, was likely to operate said vehicle in a manner involving risk of harm to others.

32. As a direct and proximate result of Defendant VSS TRANSPORTATION GROUP, INC.'s negligent and/or wanton entrustment of the 2020 Volvo Tractor Trailer

truck to Defendant BERROA, Plaintiff, CARLA LYNETTE BANKS, was caused to be injured and damaged.

33.     At all times relevant hereto, Defendant BERROA was an agent, servant and/or employee of Defendant VSS TRANSPORTATION GROUP, INC. and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, wanton, and/or reckless conduct of Defendant BERROA.

34.     The negligence, wantonness, and/or recklessness of Defendant VSS TRANSPORTATION GROUP, INC. combined and concurred with the negligence, wantonness, and/or recklessness of all other named and/or Fictitious Defendant(s), causing Plaintiff, BANKS, to sustain injuries and damages as a proximate result.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff CARLA LYNETTE BANKS, demands judgment against the named and Fictitious Defendants, jointly and severally, for damages in an amount to be determined by a struck jury, plus interest and costs.

## COUNT SIX – FICTITIOUS DEFENDANTS

35.     Plaintiff BANKS adopts and re-alleges every material averment in Counts One through Five of this Complaint as if fully set out herein, except that Plaintiff Banks substitutes the words "Fictitious Defendant(s) 1 - 20" for the named Defendant in Counts One through Five.

36.     Plaintiff BANKS avers that the negligent, reckless, wanton, or otherwise wrongful conduct of Fictitious Defendant(s) 1 - 20 combined and concurred with the negligent, reckless, wanton, or otherwise wrongful conduct of the named Defendant to proximately cause Plaintiff BANKS's injuries and damages, as set forth and described in Counts One through Five, above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff BANKS demands judgment against Defendant BERROA, VSS TRANSPORTATION GROUP, INC. and/or Fictitious Defendant(s), for general and compensatory damages as well as special and punitive damages as the court may determine, together with interest from the date of the injury plus the costs of this action.

## JURY DEMAND

## PLAINTIFF DEMANDS A STRUCK JURY FOR ALL ISSUES IN THIS CASE

Respectfully submitted,

*/s/ Erby J. Fischer*
ERBY J. FISCHER
Attorney for Plaintiff

**OF COUNSEL:**
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North
Birmingham, AL  35203
P: (659) 204-6364
F: (659) 204-6389
efischer@forthepeople.com

Plaintiff's Address:
c/o Morgan & Morgan Birmingham, PLLC
2317 3rd Avenue North
Birmingham, AL  35203
P: (659) 204-6364
F: (659) 204-6389
efischer@forthepeople.com

**Please serve the following by certified mail:**

FREDDY AMADOR BERROA
200 WEST SAN SEBASTIAN CT APT 211
HOUSTON, AL 35572

VSS TRANSPORTATION GROUP, INC.
REG AGNT: NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006

ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | |
|---|---|
| **CARLA LYNETTE BANKS, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **VS.** | )  **CIVIL ACTION NUMBER:** |
| | ) |
| **FREDDY AMADOR BERROA, an** | ) |
| **individual; VSS TRANSPORTATION** | ) |
| **GROUP, INC.** | ) |

## PLAINTIFF'S CONSOLIDATED DISCOVERY REQUESTS
## TO DEFENDANT FREDDY AMADOR BERROA

**COMES NOW** the Plaintiff in the above-styled cause and requests that FREDDY

AMADOR BERROA answer the following Interrogatories and Requests for Production

within the time limits provided by the Alabama Rules of Civil Procedure.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these

Interrogatories and Requests for Production:

1.      "You" or "Your" as used herein shall mean this defendant; the defendant's

representatives; and all persons acting on behalf of this defendant.

2.      "Document(s)" and "record(s)" as used herein are used in the broadest

possible sense and shall include includes any written, printed, recorded, graphic,

electronic, and computerized matter or sound reproductions, however produced or

reproduced, of any kind, including, but not limited to, the original or any copy of

correspondence, letters, interoffice memoranda, interoffice directives, telephone

conference memoranda, records memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access and/or which are in the possession, care, custody, or control of the responding party or entity. This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of electronic or other computerized data.  Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

4.      "Person" as used herein means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

5.      Requests to "identify a person" or equivalent language means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

6.      Requests to "identify a document" or equivalent language means to state with respect thereto:

   a) The identity of the person who prepared it;
   b) The identity of the person who signed it or over whose signature or direction it was issued;
   c) The identity of each person to whom it was addressed or distributed;
   d) The nature or substance of the document with sufficient particularity to enable it to be identified;
   e) Its date and, if it bears no date, the date when it was prepared; and
   f) The physical location of it and the names of its custodian or custodians.

7.      "Relate to", "relating to", "pertain to", "pertaining to", "regarding" or "evidence" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

8.      "Or" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## <u>INSTRUCTIONS</u>

These interrogatories shall be deemed continuing so as to require supplemental responses upon receipt of additional information by you or your attorney subsequent to your original response.  Any such supplemental responses are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

With respect to documents and things produced in response to the requests for production set forth herein, said items should be organized and labeled to correspond with the categories in the requests.  If you possess no documents responsive to a paragraph of a request, please state this fact and specify the paragraph concerned in your response.  If you object to producing any document in your possession, custody, or control based upon any claim of privilege or immunity, please <u>specifically</u> state the following (i.e., create and provide a privilege log identifying the following information):

 a. The precise privilege or immunity claimed and the factual and/or legal basis for asserting the privilege as to each such document or category of documents;

 b. The date of the document(s)' creation or receipt, its type/format (e.g., correspondence, memorandum, email, etc.), and the name of each author, sender, addressee and/or recipient;

 c. A description of the content of the document(s) to sufficiently enable the Court to rule on the propriety of the privilege or immunity you are asserting;

 d. The location of the document(s); and

 e. The custodian of the documents.

## <u>INTERROGATORIES TO DEFENDANT FREDDY AMADOR BERROA</u>

1. State your full correct name, residence address, business address, date of birth, social security number and driver's license number.

2. Provide a list of all valid driver's licenses held by you at the time of the incident, including in your response the state in which each license was issued and the license number.

3.     Please give the name and address of each employer you have had since you last attended school, your job title and job duties for each job listed, the reason(s) you left each listed employment.

4.     State the name and principal address of each insurer, of any type whatsoever, which insured this Defendant against risks or losses claimed in this lawsuit and for each such policy of insurance, please state the name of the insurance company, the name of all insured, the names of all additional insureds, and the policy limits.

5.     Were there any passengers in your vehicle at the time of the accident?  If, so please state their names and addresses and the purpose of their presence in the vehicle.

6.     At the time of the accident made the basis of this lawsuit, were you acting within the line and scope of your employment with an employer?  If your answer is yes, please identify the name and business address of the employer.

7.     At the time of the accident made the basis of this lawsuit, were you performing a mission or a task for someone else?  If your answer is yes, please identify the name and address of the entity or individual.

8.     With respect to the vehicle you were driving when this collision occurred, identify the owner of the vehicle, where the vehicle was regularly kept or located when not in use, who gave you permission to operate the vehicle and/or requested that you operate the vehicle on the date of the accident in this case, whether you had ever driven the vehicle prior to the date of this accident, and how often (estimated) you drove the vehicle on a weekly basis.

9.      Have you ever had a driver's license suspended, canceled or revoked?  If so, please list the State of each such suspension, cancellation, or revocation; the date of each such action; and the reason(s) for each such action.

10.     If you have ever received a ticket for a traffic violation, for each such violation please list the State in which such ticket was received; the date of the ticket; the reason for the citation; and, the penalty imposed.

11.     Please state whether you have been involved in any other collisions involving a motor vehicle in the ten (10) years preceding the date of the collision made the basis of this suit.  If your answer is yes, please state the date and location of each such accident and the cause of each such accident.

12.     In the twenty-four-hour period prior to the accident made the basis of this lawsuit, had you consumed any alcohol?  If yes, state when and how much was consumed.

13.     In the twenty-four-hour period prior to the accident made the basis of this lawsuit, had you used any legal or illegal drugs, including but not limited to, any medications (either prescribed or over the counter)?  If yes, state the name of the drug, when it was taken, and how much was taken.

14.     Please describe with particularity and in detail everything you did in the 24-hour period preceding the collision made the basis of this case.

15.     What was the purpose of the trip you were making at the time of the collision made the basis of this case?

16.     State in detail in your own words how the collision made the basis of this action occurred.

17.     Did you observe the Plaintiff at any time prior to the impact made the basis of this lawsuit?  If so, describe each and every action taken by you from the point at which you first observed the Plaintiff until the point of impact.

18.     List with specificity your hours of service for the seven (7) days prior to <u>and including April 1, 2021</u>, including in your response the number of miles driven each day, the starting and stopping destination for each trip listed, and where this information is kept or located.

19.     Please provide your cell phone number and carrier at the time of the accident made the basis of this case.

20.     State whether or not you were either using your cell phone immediately before, during, or after the accident.  If you were using your cell phone, please state the names and telephone numbers of those to whom you were communicating at the times referred to above.

21.     If you contend that you were <u>not</u> using a phone at the time of the wreck, then please identify that first call you made or received <u>after</u> the wreck occurred, including in your answer the name and number of the person with whom you spoke and a description of the conversation.

22.     If you contend that you were <u>not</u> using a phone at the time of the wreck, then please identify that first text message you sent or received <u>after</u> the wreck occurred,

including in your answer the name and number of the sender/recipient and the substance of the message.

23.     If you wear glasses or prescription lenses and/or have been diagnosed with any vision impairment, please identify the name and address of your eye doctor(s).

24.     If you are aware of any eyewitnesses to the accident, please state for each such witness their name and address, and the nature of each and every conversation you had with each such witness.

25.     Have you ever been named as a party in a lawsuit?  If so, for each such lawsuit, please state the court, the date such action was commenced, and the style of said lawsuit.

26.     Have you ever been convicted of a crime?  If so, for each such instance, please state the nature of the offense with which you were charged; the location and court in which the proceedings occurred; and the disposition of said case.

27.     Please state the name, address, and telephone number of every person whom you or someone on your behalf has interviewed and/or taken a statement regarding the collision made the basis of this case, along with the date of each interview or statement, the identity of the person(s) conducting each interview or taking each statement, and whether the interview or statement was recorded or transcribed.

28.     Please state the name, address, and telephone number of every person to whom you or someone on your behalf has provided an interview and/or made a statement regarding the collision made the basis of this case, along with the date of each

interview or statement, the identity of the person(s) conducting each interview or taking each statement, and whether each interview or statement was recorded or transcribed.

29.     Please state whether or not you expect to call any expert witnesses in the defense of this case and, if so, please state the name and address of each such expert witness, the qualifications of each such expert witness, the opinions expected to be elicited from each such expert witness, and the facts upon which each expert witness will reply in forming his or her opinions.

30.     Do you or anyone acting on your behalf known of any photographs, films, or videotapes depicting any place, object, or individual involved in the collision made the basis of this case?  If so, please provide the date the photographs, film, or videotapes were taken, a brief description of the places, objects, or persons photographed, filmed, or videotaped, and the identity of the person(s) who took or created the photographs, films, or videotapes.

31.     Please provide the name, address, telephone number, employer, and employment title of any and all persons who performed any investigation into the collision made the basis of this case.

32.     Please provide the name, address, telephone number, employer, and employment title of any and all persons who performed any inspections of the accident scene, and/or motor vehicles involved in the collision made the basis of this case and the date of each such inspection.

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

1.     Produce any photographs taken by this Defendant, or in the possession of this Defendant, relating in any way to the accident made the basis of Plaintiff's complaint.

2.     Produce all videos, drawings and/or diagrams taken or made of the scene of the accident, the vehicles involved, and the parties involved in the accident made the basis of this lawsuit.

3.     Produce a copy of each and every document in this Defendant's possession which evidences the ownership of the motor vehicle you were operating at the time of the collision made the basis of this lawsuit.

4.     Produce a copy of each and every license this Defendant possesses for operation of a motor vehicle.

5.     Produce copies of all incident investigations, reports, memoranda, and correspondence which relates to the accident made the basis of this lawsuit.

6.     Produce copies of your cell phone bill(s) for the month of May 2021.  This request applies to each cell phone you owned or were provided at the time of the collision made the basis of this lawsuit.

7.     Produce each and every policy of insurance that might afford this Defendant any coverage with regard to the accident made the basis of Plaintiff's complaint.  This should include all primary and excess insurance policies and should include all portions of the policy including but not limited to the declarations page(s).

8.     Produce true, correct, and complete copies of any and all reports of any expert(s) retained by you and/or that you expect to call at the trial of this matter.

9.     Produce true, correct, and complete copies of all statements made by anyone who has any knowledge whatsoever regarding the facts and circumstances surrounding the accident made the basis of this action, including the name of the individual and their last known address.

10.     Produce true, correct, and complete copies of any and all documents related to any investigation and/or inspection of the incident made the basis of this litigation.

11.     Produce each and every document pertaining to damage sustained by the vehicles involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

12.     Produce all reservation of rights letters pertaining to some or all of the claims made against you in the subject litigation.

13.     Produce all coverage denial letters pertaining to some or all of the claims made against you in the subject litigation.

14.     Produce all of any of the Plaintiff's medical records obtained pursuant to subpoena or otherwise.

15.     Produce all call records for any cellular telephone or push-to-talk device(s) owned and/or utilized by you on May 25, 2021, including, but not limited to, records reflecting calls placed by you and records reflecting calls received or missed by you on said date.

16.     All messaging records for all cellular telephone or push-to-talk device(s) owned and/or utilized by you on May 25, 2021, including, but not limited to, records reflecting text and/or SMS messages sent by you, and records reflecting text and/or SMS messages received by you or sent to your device on said date.

17.     Produce a clear and legible copy of both sides of your driver's license.

Respectfully submitted,

*/s/ Erby Fischer*
Erby Fischer (FIS010)

**OF COUNSEL:**
**Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Phone: (659) 204-6364
Facsimile: (659) 204-6389
Email: *efischer@forthepeople.com*

**PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL TO THE FOLLOWING:**

FREDDY AMADOR BERROA
200 WEST SAN SEBASTIAN CT APT 211
HOUSTON, AL 35572

VSS TRANSPORTATION GROUP, INC.
REG AGNT: NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006

ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | |
|---|---|
| **CARLA LYNETTE BANKS, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **VS.** | )     **CIVIL ACTION NUMBER:** |
| | ) |
| **FREDDY AMADOR BERROA, an** | ) |
| **individual; VSS TRANSPORTATION** | ) |
| **GROUP, INC.** | ) |

## PLAINTIFF'S CONSOLIDATED DISCOVERY REQUESTS
## TO DEFENDANT, VSS TRANSPORTATION GROUP, INC.

**COMES NOW** the Plaintiff in the above-styled cause and requests that Defendant **VSS TRANSPORTATION GROUP, INC.** answer the following Interrogatories and Requests for Production within the time limits provided by the ALABAMA RULES OF CIVIL PROCEDURE.

## DEFINITIIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories and Requests for Production:

1.    "You" or "Your" as used herein shall mean this defendant; the defendant's representatives; and all persons acting on behalf of this defendant.

2.    "Document(s)" and "record(s)" as used herein are used in the broadest possible sense and shall include includes any written, printed, recorded, graphic, electronic, and computerized matter or sound reproductions, however produced or reproduced, of any kind, including, but not limited to, the original or any copy of correspondence, letters, interoffice memoranda, interoffice directives, telephone conference memoranda, records memoranda, data, notes, printouts, communications,

messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access and/or which are in the possession, care, custody, or control of the responding party or entity. This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of electronic or other computerized data.  Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

4.      "Person" as used herein means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

5.      Requests to "identify a person" or equivalent language means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

6.      Requests to "identify a document" or equivalent language means to state with respect thereto:

      a)     The identity of the person who prepared it;

      b)     The identity of the person who signed it or over whose signature or direction it was issued;

      c)     The identity of each person to whom it was addressed or distributed;

      d)     The nature or substance of the document with sufficient particularity to enable it to be identified;

      e)     Its date and, if it bears no date, the date when it was prepared; and

      f)     The physical location of it and the names of its custodian or custodians.

7.      "Relate to", "relating to", "pertain to", "pertaining to", "regarding" or "evidence" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

8.      "Or" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## <u>INSTRUCTIONS</u>

These interrogatories shall be deemed continuing so as to require supplemental responses upon receipt of additional information by you or your attorney subsequent to your original response.  Any such supplemental responses are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

With respect to documents and things produced in response to the requests for production set forth herein, said items should be organized and labeled to correspond with the categories in the requests.  If you possess no documents responsive to a paragraph of a request, please state this fact and specify the paragraph concerned in your response.  If you object to producing any document in your possession, custody, or control based upon any claim of privilege or immunity, please <u>specifically</u> state the following (i.e., create and provide a privilege log identifying the following information):

a) The precise privilege or immunity claimed and the factual and/or legal basis for asserting the privilege as to each such document or category of documents;

b) The date of the document(s)' creation or receipt, its type/format (e.g., correspondence, memorandum, email, etc.), and the name of each author, sender, addressee and/or recipient;

c) A description of the content of the document(s) to sufficiently enable the Court to rule on the propriety of the privilege or immunity you are asserting;

d) The location of the document(s); and

e) The custodian of the documents.

## INTERROGATORIES TO DEFENDANT VSS TRANSPORTATION GROUP, INC.

1.      Identify all persons answering and/or supplying information used in answering these Interrogatories.

2.      If you contend the Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

3.      State the name, address, and business telephone number of each person with knowledge regarding the facts and circumstances of the motor vehicle accident described in the Complaint.

4.      With respect to the 2020 Volvo Tractor Trailer involved in the motor vehicle collision described in the Complaint, please provide the following information:

a.      By whom the vehicle was owned at the time of the collision;

b.      To whom, if anyone, the vehicle was leased at the time of the incident;

c.      The license and registration number(s) of the vehicle;

d.      Every policy of insurance providing coverage of any kind for the vehicle and/or any person(s) driving the vehicle on the date of this collision.

5.      State the name and principal address of each insurer, of any type whatsoever, which insured this Defendant against risks or losses claimed in this lawsuit and, for each such policy of insurance, please state the name of the insurance company, the name of the insured, the names of all additional insureds, and the policy limits.

6.      Is this defendant a common carrier or contract carrier within the meaning of the regulations of the Interstate Commerce Commission?

7.      Was Defendant FREDDY AMADOR BERROA, an employee of this Defendant on the date of the collision made the basis of this lawsuit? If not, please state in specific detail the nature of this defendant's business relationship with Defendant BERROA.  If yes, please identify the date his employment began, his job duties/description, and whether he is still an employee of this Defendant.

8.      If Defendant BERROA was your employee on May 25, 2021, was he acting within the line and scope of his employment at the time of the motor vehicle accident made the basis of this lawsuit?

9.      Prior May 25, 2021, had this Defendant experienced any problems and/or issues with Defendant BERROA relating in any way to his job performance or his ability to perform his job duties?  If so, describe each issue and/or incident.

10.     Does this Defendant maintain a driver qualification file on Defendant BERROA?  If so, please identify where the file is kept or maintained and please produce a complete copy of the entire file.

11.     Did this Defendant perform any investigations into Defendant BERROA's driver history/record <u>before</u> his employment with this Defendant commenced?  If so, please state what investigations were performed, what any such investigation revealed about Defendant BERROA' driving history, and where that information is kept or can be located.

12. Did this Defendant perform any investigations into Defendant BERROA's driver history/record <u>after</u> his employment with this Defendant commenced?  If so, please state how often such investigation(s) took place, the nature of each investigation, the results of any such investigation, and where that information is kept or can be located.

13. Was Defendant BERROA ever involved in any motor vehicle accidents or incidents in the line and scope of his employment with this Defendant prior to the collision made the basis of this lawsuit?  If so, please identify the date of each such incident and describe the circumstances surrounding each such incident in detail.

14. Please state whether Defendant BERROA was disciplined, reprimanded, or penalized by this Defendant following each such accident or incident described above, if any.

15. Did this Defendant ever have occasion to discipline Defendant BERROA during his employment with this Defendant?  If so, please describe in detail each such instance including:

a. The date of each such disciplinary action;

b. The reason for each disciplinary action;

c. The manner or method of discipline (i.e., verbal or written warning, etc.); and

d. Whether there is a written record of any such disciplinary action(s) and, if so, where those records are kept or maintained.

16.     Did Defendant BERROA in any manner fail to comply with any company rule or regulation on the date of the collision made the basis of this case?  If so, please identify each rule or regulation violated and the manner in which it was violated.

17.     Describe in detail any statements made by Defendant BERROA (whether verbal or written) to any agent, servant, employee, owner, or representative of this Defendant (excluding this Defendant's legal counsel) regarding the collision made the basis of this lawsuit.

18.     Identify by name and address every person or company who or which performed any type of maintenance or repair work on the vehicle involved in this collision within the six (6) months prior to the collision and, for each such occasion, please state the date and the describe the work or maintenance performed on said vehicle.

19.     Has this Defendant ever been named as a party in any other lawsuits besides this case? If so, please state for each such matter:

a.     The date and location of the incident giving rise to the claim;

b.     The date the litigation was filed;

c.     The court, case style, and case number of the litigation;

d.     The disposition of the case; and

e.     A brief description of the facts involved.

20.     State the name and address of each person from whom a statement has been obtained by this Defendant or on behalf of this Defendant.

21.     State the full name and address, giving the street, street numbers, city and state, of every witness known to you, or to your attorney, who has any

knowledge regarding the facts and circumstances surrounding the collision made the basis of this lawsuit, including but not limited to eyewitnesses to such event.

22.     State the name and address of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) are expected to testify.

23.     State the substance of the facts, opinions, and conclusions to which every expert is expected to testify in this case.

## REQUESTS FOR PRODUCTION

1.     For each person, entity and vehicle involved in the subject crash or named in this lawsuit, provide a complete and certified copy of the declarations pages, policy forms, endorsements, amendments and other documents for any insurance policies that you (or any other Defendant, to your knowledge) had in force and effect at the time of the subject crash, whether or not you contend the policy covers or may provide coverage for the damages sought in the Complaint, including for any automobile, business auto, commercial general liability, business liability, personal negligence liability, umbrella or excess coverage policies.  This should include all primary and excess insurance policies and should include all portions of the policy including but not limited to the declaration page(s).

2.     Produce a full and complete copy of Defendant BERROA' entire employee personnel file with this Defendant.

3.     Produce a full and complete copy of this Defendant's driver qualification records/file, including any driving abstract, records, or history, for Defendant BERROA.

4.      Produce any photographs taken by this Defendant, or in the possession of this Defendant, relating in any way to the collision made the basis of this lawsuit.

5.      Produce all videos, drawings and/or diagrams taken or made of the scene of the collision, the vehicles involved, and/or the parties involved in the collision made the basis of this lawsuit.

6.      Produce copies of any and all accident investigations, reports, memorandum, correspondence, etc., in this Defendant's possession, custody, or control that in any way relate to the collision made the basis of this lawsuit.

7.      Produce a copy of the bill of sale, registrations documents, title, and all other documents in Petitioner's possession which provides evidence of ownership of the 2020 Volvo Tractor Trailer involved in the collision made the basis of this lawsuit.

8.      Produce any and all documents which Defendant has obtained from any third party with respect to the collision made the basis of this lawsuit.

9.      Produce copies of each and every page of Defendant BERROA's "driver logs" for the seven (7) days prior to and inclusive of the date of the collision made the basis of this complaint.

10.     Produce copies of any and all resumes' or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

11.     Please produce copies of any and all documents consulted, described, referenced, or otherwise used by this Defendant in any manner in formulating your responses to Plaintiff's First Interrogatories, above.

12.     Please produce all records documenting any repairs made to the 2020 Volvo

tractor-trailer as a result of the collision made the basis of this case.

13.     Please produce all materials received pursuant to subpoena in this matter.

Respectfully submitted,

*/s/ Erby Fischer*
Erby Fischer (FIS010)

**OF COUNSEL:**
**Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Phone: (659) 204-6364
Facsimile: (659) 204-6389
Email: *efischer@forthepeople.com*

**PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL TO THE
FOLLOWING:**

FREDDY AMADOR BERROA
200 WEST SAN SEBASTIAN CT APT 211
HOUSTON, AL 35572

VSS TRANSPORTATION GROUP, INC.
REG AGNT: NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006



AlaFile E-Notice

68-CV-2021-900609.00

To:   ERBY JOHNSON FISCHER MR.
      efischer@forthepeople.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following complaint was FILED on 12/1/2021 10:37:26 AM

Notice Date:     12/1/2021 10:37:26 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

To:  FREDDY AMADOR BERROA
     200 WEST SAN SEBASTIAN CT
     APT 211
     HOUSTON, AL, 35572

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following complaint was FILED on 12/1/2021 10:37:26 AM

Notice Date:    12/1/2021 10:37:26 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

To:  VSS TRANSPORTATION GROUP, INC.
     C/O NATASHA SUSIC
     1325 WEST BELT LINE ROAD
     CARROLLTON, TX, 75006

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following complaint was FILED on 12/1/2021 10:37:26 AM

Notice Date:     12/1/2021 10:37:26 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>68-CV-2021-900609.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL

**NOTICE TO:** FREDDY AMADOR BERROA, 200 WEST SAN SEBASTIAN CT APT 211, HOUSTON, AL 35572

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ERBY JOHNSON FISCHER MR.                                                                                                          ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Ave North, BIRMINGHAM, AL 35203                                          .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CARLA LYNETTE BANKS pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 12/01/2021 | /s/ KAREN DUNN BURKS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ ERBY JOHNSON FISCHER MR.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____ .

*(Date)*

_____    _____    _____

*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

_____    _____

*(Server's Printed Name)*    *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>68-CV-2021-900609.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL

**NOTICE TO:** VSS TRANSPORTATION GROUP, INC., C/O NATASHA SUSIC 1325 WEST BELT LINE ROAD, CARROLLTON, TX 75006

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ERBY JOHNSON FISCHER MR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Ave North, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CARLA LYNETTE BANKS pursuant to the Alabama Rules of the Civil Procedure.

| 12/01/2021 | /s/ KAREN DUNN BURKS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ ERBY JOHNSON FISCHER MR.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____    _____    _____

*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

_____    _____

*(Server's Printed Name)*    *(Phone Number of Server)*



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL

68-CV-2021-900609.00

To:  CLERK BESSEMER
     clerk.bessemer@alacourt.gov

TOTAL POSTAGE PAID: $18.32

Parties to be served by Certified Mail - Return Receipt Requested

FREDDY AMADOR BERROA                                    Postage: $9.16
200 WEST SAN SEBASTIAN CT
APT 211
HOUSTON, AL 35572

VSS TRANSPORTATION GROUP, INC.                         Postage: $9.16
C/O NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail





OFFICE OF THE CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310

FILED IN OFFICE

JAN 05 2022

CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA

FREDDY AMADOR BERROA
200 WEST SAN SEBASTIAN CT
APT 211
HOUSTON, AL, 35572



CERTIFIED MAIL

7020 2450 0000 1900 2055

RTS
NSS

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Freddy Amador Berroa
900 West San Sebastian Ct
Apt 311
Houston, AL 35573

9590 9402 6142 0209 2716 33

2. Article Number (Transfer from service label)

7020 2450 0000 1900 2055

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

CV01-900609
S+C

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



AlaFile E-Notice

68-CV-2021-900609.00

Judge: DAVID J HOBDY

To: FISCHER ERBY JOHNSON II
efischer@forthepeople.com

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following matter was not served on 1/5/2022

D001 BERROA FREDDY AMADOR
Corresponding To
UNCLAIMED CERT MAIL

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

DOCUMENT 10



ELECTRONICALLY FILED
4/4/2022 4:23 PM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | | |
|---|---|---|
| BANKS CARLA LYNETTE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:   CV-2021-900609.00 |
| | ) | |
| BERROA FREDDY AMADOR, | ) | |
| VSS TRANSPORTATION GROUP, INC., | ) | |
| Defendants. | ) | |

NOTICE

The summons and complaint have not been served on the following defendant[s], within 120 days after filing of the complaint, as required by the Alabama Rules of Civil Procedure:

BERROA FREDDY AMADOR ,VSS TRANSPORTATION GROUP, IN.

You have 30 additional days from the notice date to serve defendant(s).  If you fail to do so, or show good cause for the failure to serve, your action against the defendant[s] may be dismissed without prejudice.

Notice Date:  4/4/2022



AlaFile E-Notice

68-CV-2021-900609.00

To:   FISCHER ERBY JOHNSON II
      efischer@forthepeople.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following matter was FILED on 4/4/2022 4:23:37 PM

Notice Date:      4/4/2022 4:23:37 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

ELECTRONICALLY FILED
4/22/2022 1:00 PM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

AlaFile E-Notice

68-CV-2021-900609.00

To:  ERBY JOHNSON FISCHER MR.
efischer@forthepeople.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following complaint was FILED on 12/1/2021 10:37:26 AM

Notice Date:     12/1/2021 10:37:26 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

DOCUMENT 12

ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>68 |
|---|---|---|

Date of Filing:     Judge Code:
12/01/2021

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### CARLA LYNETTE BANKS v. FREDDY AMADOR BERROA ET AL

**First Plaintiff:** ☐ Business   ☑ Individual     **First Defendant:** ☐ Business   ☑ Individual
☐ Government   ☐ Other            ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

        R ☐ REMANDED         T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

_____FIS010_____      _12/1/2021 10:37:18 AM_      /s/ ERBY JOHNSON FISCHER MR.
                    Date                   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**     ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐ YES ☑ NO

DOCUMENT 12

ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | | |
|---|---|---|
| **CARLA LYNETTE BANKS, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | |
| **FREDDY AMADOR BERROA, an** | ) | |
| **individual; VSS TRANSPORTATION** | ) | |
| **GROUP, INC.** | ) | |

FICTITIOUS DEFENDANTS: **No. 1**, whether singular or plural, the driver of the motor vehicle which collided with Plaintiff's vehicle and whose negligence caused the Plaintiff's injuries on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; **No. 3**, whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; **No. 4**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 5**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 6**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 7**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 8**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 9**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; **No. 10**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 12**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the

occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 13**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 15**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 16**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 17**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which provided workers compensation benefits to Plaintiff and/or on her behalf as a result of the incident made the basis of this Complaint. **No. 20**, whether singular or plural, that individual, establishment, or entity who provided, sold, procured and/or made available any and/or all alcohol and/or any substances consumed by Defendant Pulliam in the 24 hours before the incident made the basis of this Complaint. Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained],

**Defendants.**

## COMPLAINT

### STATEMENT OF THE PARTIES

1.    Plaintiff CARLA LYNETTE BANKS ("Plaintiff" or "Plaintiff BANKS") is a resident of Guntersville,  (Marshall County), Alabama, and is over nineteen (19) years of age.

2.      Defendant FREDDY AMADOR BERROA ("Defendant BERROA") is, upon information and belief, over the age of (19) years and is a resident of Houston (Winston County), Alabama.

3.      Defendant VSS  TRANSPORTATION  GROUP,  INC.  ("Defendant VSS TRANSPORTATION  GROUP,  INC.")  is,  upon  information  and  belief,  a  foreign corporation  with  its  principal  place  of  business  located  in  Carrollton,  Texas,  and  was doing  business  within  the  State  of  Alabama  on May 25, 2021.  Upon  information  and belief,  Defendant BERROA  was  the  agent,  servant  or  employee  of  Defendant VSS TRANSPORTATION  GROUP,  INC. and  was acting  within  the  line  and  scope  of  his agency,  service  and/or  employment at  all  times relevant  hereto  such  that VSS TRANSPORTATION  GROUP,  INC. is  vicariously  liable  for  the  negligent,  reckless, wanton or otherwise wrongful conduct of the Defendant BERROA.

## STATEMENT OF FACTS

4.      On May  25,  2021,  Plaintiff BANKS was traveling northbound  in  the  left hand  lane  on  Interstate  20/59  near  Mile  Post  115  in  Bessemer,  Jefferson  County, Alabama.

5.      At  that  same  date  and  time,  Defendant BERROA was  also  traveling northbound in the right hand lane of Interstate 20/59 near Mile Post 115 in Bessemer, Jefferson County, Alabama.

6.      As Plaintiff BANKS lawfully proceeded down Interstate 20-59, Defendant BERROA entered into Plaintiff BANKS' lane of travel, causing his vehicle to collide with Plaintiff BANKS' vehicle.

7.      As a result of the crash, Plaintiff BANKS sustained physical injuries and damages, including, but not limited to, fractured ribs, head and facial pain, pain in the neck, arms, shoulders, thoracic spine, and lumbar spine, pain in the right knee and bruises and contusion to the body. Plaintiff BANKS was also forced to miss time off work, in addition to suffering inconvenience, medical costs and expenses, out-of-pocket costs, and mental anguish and emotional distress.

## COUNT ONE - NEGLIGENCE

8.      Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

9.      At all times relevant hereto, Defendant BERROA owed the motoring public, including the Plaintiff, certain duties of care, including:

a.      The duty to operate his vehicle in a safe manner;

b.      The duty to keep a proper lookout for other motorists;

c.      The duty to obey the Alabama Rules of the Road.

10.     On May 25, 2021, Defendant BERROA, negligently caused or allowed the motor vehicle he was operating to collide with the vehicle being operated by Plaintiff BANKS.

11.     As a proximate consequence of the negligence of the Defendant BERROA, Plaintiff BANKS was injured and damaged as follows:

a.       Fractured ribs, neck, arms, head and back pain, right knee pain, contusions to body, all requiring medical treatment and care;

b.      Pain and suffering, which Plaintiff BANKS continues to experience and will experience in the future;

c.      Medical bills, costs, and expenses, which Plaintiff BANKS has incurred and will continue to incur in the future;

d.      Out-of-pocket medical costs and expenses;

e.      Out-of-pocket, non-medical expenses;

f.      Property damage and loss;

g.      Lost wages and lost or diminished income;

h.      Lost or diminished enjoyment of life; and,

i.      Inconvenience, mental anguish, and emotional distress.

12.     At all times relevant hereto, Defendant BERROA was the agent, servant, or employee of Defendant VSS TRANSPORTATION GROUP, INC., and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant BERROA.

13.     The negligence of Defendant BERROA combined and concurred with the negligence or wrongful conduct of all other named and fictitious defendants, causing Plaintiff to be injured and damaged as a proximate result.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO – NEGLIGENCE *PER SE*

14.     At the time of the collision made the basis of this lawsuit, Defendant BERROA was operating his vehicle in violation of several of Alabama's Rules of the Road, including, without limitation, Alabama Code § 32-5A-88.

15.     Defendant BERROA's violation of the above listed Alabama statute mandates constitutes negligence *per se.*

16.     As a proximate consequence of the negligence *per se* of Defendant BERROA, Plaintiff was injured and damaged as set forth in paragraph 11 above and incorporated herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT THREE – WANTONNESS

17.     Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

18.     On May 25, 2021, Defendant BERROA, wantonly and/or recklessly caused or allowed the motor vehicle he was operating to collide with the motor vehicle being operated by Plaintiff BANKS when he unlawfully failed to keep a proper lookout, unlawfully failed to maintain control of his vehicle and unlawfully failed to maintain his lane of travel, causing a collision with Plaintiff BANKS.

19.     As a proximate consequence of the wantonness of Defendant BERROA, Plaintiff was injured and damaged as set forth in paragraph 11 above and incorporated herein.

20.     At all times relevant hereto, Defendant BERROA was the agent, servant, or employee of Defendant VSS TRANSPORTATION GROUP, INC., and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant BERROA.

21.     Plaintiff demands punitive damages of the Defendants, jointly and severally, as a result of their respective wanton conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT FOUR - RESPONDEAT SUPERIOR AND AGENCY

22.     Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

23.     Plaintiff avers and alleges that Defendant BERROA was the agent, servant or employee of Defendant VSS TRANSPORTATION GROUP, INC. and was acting within the line and scope of such agency, service or employment at the time of the accident on May 25, 2021, and consequently, Defendant VSS TRANSPORTATION

GROUP, INC., is liable for any negligent and/or wanton acts committed by Defendant BERROA while he was acting within the line and scope of his employment.

24.     Defendant BERROA negligently and/or wantonly caused or allowed the motor vehicle he was operating on the occasion made the basis of this lawsuit to collide with Plaintiff's vehicle.

25.     As a proximate consequence of the negligence, recklessness, and/or wantonness of Defendant BERROA, by and through the theories of *respondeat superior* and agency, Plaintiff was injured and damaged as described in paragraph 11 above and incorporated herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT

26.     Plaintiff adopts and re-alleges all prior paragraphs of this Complaint, as if set forth fully herein.

27.     On May 5, 2021, in Bessemer, Jefferson County, Alabama, Defendant BERROA negligently, recklessly and/or wantonly failed to maintain control of his vehicle, failed to keep a proper lookout on the roadway, failed to maintain his vehicle in a single lane of travel without first ascertaining that any movement can be made with safety, thereby causing or allowing the vehicle he was operating to violently crash into

the vehicle being operated by Plaintiff, BANKS, resulting in the injuries and damages to CARLA LYNETTE BANKS.

28.     Upon information and belief, Defendant VSS TRANSPORTATION GROUP, INC. was the registered owner of the 2020 Volvo Tractor Trailer truck involved in the collision with Plaintiff.

29.     Additionally, or in the alternative, Defendant BERROA was operating the 2020 Volvo Tractor Trailer truck at the time of this collision while in the agency, service, or employment of and/or at the direction or under the control of Defendant VSS TRANSPORTATION GROUP, INC..

30.     Upon information and belief, Defendant VSS TRANSPORTATION GROUP, INC. negligently and/or wantonly entrusted the use of the 2020 Volvo Tractor Trailer truck to Defendant BERROA on the date made the basis of this lawsuit.

31.     Defendant VSS TRANSPORTATION GROUP, INC. knew, or by the exercise of reasonable care should have known, that Defendant BERROA was incompetent to operate the 2020 Volvo Tractor Trailer truck; and/or that Defendant BERROA had a history of violating the Rules of the Road; and/or that Defendant BERROA operated the 2020 Volvo Tractor Trailer truck in an unsafe manner; and/or, based upon his driving history, was likely to operate said vehicle in a manner involving risk of harm to others.

32.     As a direct and proximate result of Defendant VSS TRANSPORTATION GROUP, INC.'s negligent and/or wanton entrustment of the 2020 Volvo Tractor Trailer

truck to Defendant BERROA, Plaintiff, CARLA LYNETTE BANKS, was caused to be injured and damaged.

33.    At all times relevant hereto, Defendant BERROA was an agent, servant and/or employee of Defendant VSS TRANSPORTATION GROUP, INC. and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, wanton, and/or reckless conduct of Defendant BERROA.

34.    The negligence, wantonness, and/or recklessness of Defendant VSS TRANSPORTATION GROUP, INC. combined and concurred with the negligence, wantonness, and/or recklessness of all other named and/or Fictitious Defendant(s), causing Plaintiff, BANKS, to sustain injuries and damages as a proximate result.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff CARLA LYNETTE BANKS, demands judgment against the named and Fictitious Defendants, jointly and severally, for damages in an amount to be determined by a struck jury, plus interest and costs.

## COUNT SIX – FICTITIOUS DEFENDANTS

35.    Plaintiff BANKS adopts and re-alleges every material averment in Counts One through Five of this Complaint as if fully set out herein, except that Plaintiff Banks substitutes the words "Fictitious Defendant(s) 1 - 20" for the named Defendant in Counts One through Five.

36.     Plaintiff BANKS avers that the negligent, reckless, wanton, or otherwise wrongful conduct of Fictitious Defendant(s) 1 - 20 combined and concurred with the negligent, reckless, wanton, or otherwise wrongful conduct of the named Defendant to proximately cause Plaintiff BANKS's injuries and damages, as set forth and described in Counts One through Five, above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff BANKS demands judgment against Defendant BERROA, VSS TRANSPORTATION GROUP, INC. and/or Fictitious Defendant(s), for general and compensatory damages as well as special and punitive damages as the court may determine, together with interest from the date of the injury plus the costs of this action.

## JURY DEMAND

## PLAINTIFF DEMANDS A STRUCK JURY
## FOR ALL ISSUES IN THIS CASE

DOCUMENT 12

Respectfully submitted,

*/s/ Erby J. Fischer*
ERBY J. FISCHER
Attorney for Plaintiff

**OF COUNSEL:**
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North
Birmingham, AL 35203
P: (659) 204-6364
F: (659) 204-6389
efischer@forthepeople.com

Plaintiff's Address:
c/o Morgan & Morgan Birmingham, PLLC
2317 3rd Avenue North
Birmingham, AL 35203
P: (659) 204-6364
F: (659) 204-6389
efischer@forthepeople.com

**Please serve the following by certified mail:**

FREDDY AMADOR BERROA
200 WEST SAN SEBASTIAN CT APT 211
HOUSTON, AL 35572

VSS TRANSPORTATION GROUP, INC.
REG AGNT: NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006

ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | |
|---|---|
| **CARLA LYNETTE BANKS, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **VS.** | )   **CIVIL ACTION NUMBER:** |
| | ) |
| **FREDDY AMADOR BERROA, an** | ) |
| **individual; VSS TRANSPORTATION** | ) |
| **GROUP, INC.** | ) |

## PLAINTIFF'S CONSOLIDATED DISCOVERY REQUESTS
## TO DEFENDANT FREDDY AMADOR BERROA

**COMES NOW** the Plaintiff in the above-styled cause and requests that FREDDY

AMADOR BERROA answer the following Interrogatories and Requests for Production

within the time limits provided by the Alabama Rules of Civil Procedure.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these

Interrogatories and Requests for Production:

1.      "You" or "Your" as used herein shall mean this defendant; the defendant's

representatives; and all persons acting on behalf of this defendant.

2.      "Document(s)" and "record(s)" as used herein are used in the broadest

possible sense and shall include includes any written, printed, recorded, graphic,

electronic, and computerized matter or sound reproductions, however produced or

reproduced, of any kind, including, but not limited to, the original or any copy of

correspondence, letters, interoffice memoranda, interoffice directives, telephone

conference memoranda, records memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access and/or which are in the possession, care, custody, or control of the responding party or entity. This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of electronic or other computerized data.  Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

4.     "Person" as used herein means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

5.     Requests to "identify a person" or equivalent language means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

6.   Requests to "identify a document" or equivalent language means to state with respect thereto:

a)   The identity of the person who prepared it;

b)   The identity of the person who signed it or over whose signature or direction it was issued;

c)   The identity of each person to whom it was addressed or distributed;

d)   The nature or substance of the document with sufficient particularity to enable it to be identified;

e)   Its date and, if it bears no date, the date when it was prepared; and

f)   The physical location of it and the names of its custodian or custodians.

7.   "Relate to", "relating to", "pertain to", "pertaining to", "regarding" or "evidence" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

8.   "Or" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## <u>INSTRUCTIONS</u>

These interrogatories shall be deemed continuing so as to require supplemental responses upon receipt of additional information by you or your attorney subsequent to your original response.  Any such supplemental responses are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

With respect to documents and things produced in response to the requests for production set forth herein, said items should be organized and labeled to correspond with the categories in the requests. If you possess no documents responsive to a paragraph of a request, please state this fact and specify the paragraph concerned in your response. If you object to producing any document in your possession, custody, or control based upon any claim of privilege or immunity, please <u>specifically</u> state the following (i.e., create and provide a privilege log identifying the following information):

     a.    The precise privilege or immunity claimed and the factual and/or legal basis for asserting the privilege as to each such document or category of documents;

     b.    The date of the document(s)' creation or receipt, its type/format (e.g., correspondence, memorandum, email, etc.), and the name of each author, sender, addressee and/or recipient;

     c.    A description of the content of the document(s) to sufficiently enable the Court to rule on the propriety of the privilege or immunity you are asserting;

     d.    The location of the document(s); and

     e.    The custodian of the documents.

## <u>INTERROGATORIES TO DEFENDANT FREDDY AMADOR BERROA</u>

1.    State your full correct name, residence address, business address, date of birth, social security number and driver's license number.

2.    Provide a list of all valid driver's licenses held by you at the time of the incident, including in your response the state in which each license was issued and the license number.

3.     Please give the name and address of each employer you have had since you last attended school, your job title and job duties for each job listed, the reason(s) you left each listed employment.

4.     State the name and principal address of each insurer, of any type whatsoever, which insured this Defendant against risks or losses claimed in this lawsuit and for each such policy of insurance, please state the name of the insurance company, the name of all insured, the names of all additional insureds, and the policy limits.

5.     Were there any passengers in your vehicle at the time of the accident?  If, so please state their names and addresses and the purpose of their presence in the vehicle.

6.     At the time of the accident made the basis of this lawsuit, were you acting within the line and scope of your employment with an employer?  If your answer is yes, please identify the name and business address of the employer.

7.     At the time of the accident made the basis of this lawsuit, were you performing a mission or a task for someone else?  If your answer is yes, please identify the name and address of the entity or individual.

8.     With respect to the vehicle you were driving when this collision occurred, identify the owner of the vehicle, where the vehicle was regularly kept or located when not in use, who gave you permission to operate the vehicle and/or requested that you operate the vehicle on the date of the accident in this case, whether you had ever driven the vehicle prior to the date of this accident, and how often (estimated) you drove the vehicle on a weekly basis.

9.    Have you ever had a driver's license suspended, canceled or revoked?  If so, please list the State of each such suspension, cancellation, or revocation; the date of each such action; and the reason(s) for each such action.

10.    If you have ever received a ticket for a traffic violation, for each such violation please list the State in which such ticket was received; the date of the ticket; the reason for the citation; and, the penalty imposed.

11.    Please state whether you have been involved in any other collisions involving a motor vehicle in the ten (10) years preceding the date of the collision made the basis of this suit.  If your answer is yes, please state the date and location of each such accident and the cause of each such accident.

12.    In the twenty-four-hour period prior to the accident made the basis of this lawsuit, had you consumed any alcohol?  If yes, state when and how much was consumed.

13.    In the twenty-four-hour period prior to the accident made the basis of this lawsuit, had you used any legal or illegal drugs, including but not limited to, any medications (either prescribed or over the counter)?  If yes, state the name of the drug, when it was taken, and how much was taken.

14.    Please describe with particularity and in detail everything you did in the 24-hour period preceding the collision made the basis of this case.

15.    What was the purpose of the trip you were making at the time of the collision made the basis of this case?

16.     State in detail in your own words how the collision made the basis of this action occurred.

17.     Did you observe the Plaintiff at any time prior to the impact made the basis of this lawsuit?  If so, describe each and every action taken by you from the point at which you first observed the Plaintiff until the point of impact.

18.     List with specificity your hours of service for the seven (7) days prior to <u>and including April 1, 2021</u>, including in your response the number of miles driven each day, the starting and stopping destination for each trip listed, and where this information is kept or located.

19.     Please provide your cell phone number and carrier at the time of the accident made the basis of this case.

20.     State whether or not you were either using your cell phone immediately before, during, or after the accident.  If you were using your cell phone, please state the names and telephone numbers of those to whom you were communicating at the times referred to above.

21.     If you contend that you were <u>not</u> using a phone at the time of the wreck, then please identify that first call you made or received <u>after</u> the wreck occurred, including in your answer the name and number of the person with whom you spoke and a description of the conversation.

22.     If you contend that you were <u>not</u> using a phone at the time of the wreck, then please identify that first text message you sent or received <u>after</u> the wreck occurred,

including in your answer the name and number of the sender/recipient and the substance of the message.

23.     If you wear glasses or prescription lenses and/or have been diagnosed with any vision impairment, please identify the name and address of your eye doctor(s).

24.     If you are aware of any eyewitnesses to the accident, please state for each such witness their name and address, and the nature of each and every conversation you had with each such witness.

25.     Have you ever been named as a party in a lawsuit?  If so, for each such lawsuit, please state the court, the date such action was commenced, and the style of said lawsuit.

26.     Have you ever been convicted of a crime?  If so, for each such instance, please state the nature of the offense with which you were charged; the location and court in which the proceedings occurred; and the disposition of said case.

27.     Please state the name, address, and telephone number of every person whom you or someone on your behalf has interviewed and/or taken a statement regarding the collision made the basis of this case, along with the date of each interview or statement, the identity of the person(s) conducting each interview or taking each statement, and whether the interview or statement was recorded or transcribed.

28.     Please state the name, address, and telephone number of every person to whom you or someone on your behalf has provided an interview and/or made a statement regarding the collision made the basis of this case, along with the date of each

interview or statement, the identity of the person(s) conducting each interview or taking each statement, and whether each interview or statement was recorded or transcribed.

29.     Please state whether or not you expect to call any expert witnesses in the defense of this case and, if so, please state the name and address of each such expert witness, the qualifications of each such expert witness, the opinions expected to be elicited from each such expert witness, and the facts upon which each expert witness will reply in forming his or her opinions.

30.     Do you or anyone acting on your behalf known of any photographs, films, or videotapes depicting any place, object, or individual involved in the collision made the basis of this case?  If so, please provide the date the photographs, film, or videotapes were taken, a brief description of the places, objects, or persons photographed, filmed, or videotaped, and the identity of the person(s) who took or created the photographs, films, or videotapes.

31.     Please provide the name, address, telephone number, employer, and employment title of any and all persons who performed any investigation into the collision made the basis of this case.

32.     Please provide the name, address, telephone number, employer, and employment title of any and all persons who performed any inspections of the accident scene, and/or motor vehicles involved in the collision made the basis of this case and the date of each such inspection.

DOCUMENT 12

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Produce any photographs taken by this Defendant, or in the possession of this Defendant, relating in any way to the accident made the basis of Plaintiff's complaint.

2.      Produce all videos, drawings and/or diagrams taken or made of the scene of the accident, the vehicles involved, and the parties involved in the accident made the basis of this lawsuit.

3.      Produce a copy of each and every document in this Defendant's possession which evidences the ownership of the motor vehicle you were operating at the time of the collision made the basis of this lawsuit.

4.      Produce a copy of each and every license this Defendant possesses for operation of a motor vehicle.

5.      Produce copies of all incident investigations, reports, memoranda, and correspondence which relates to the accident made the basis of this lawsuit.

6.      Produce copies of your cell phone bill(s) for the month of May 2021.  This request applies to each cell phone you owned or were provided at the time of the collision made the basis of this lawsuit.

7.      Produce each and every policy of insurance that might afford this Defendant any coverage with regard to the accident made the basis of Plaintiff's complaint.  This should include all primary and excess insurance policies and should include all portions of the policy including but not limited to the declarations page(s).

8.     Produce true, correct, and complete copies of any and all reports of any expert(s) retained by you and/or that you expect to call at the trial of this matter.

9.     Produce true, correct, and complete copies of all statements made by anyone who has any knowledge whatsoever regarding the facts and circumstances surrounding the accident made the basis of this action, including the name of the individual and their last known address.

10.    Produce true, correct, and complete copies of any and all documents related to any investigation and/or inspection of the incident made the basis of this litigation.

11.    Produce each and every document pertaining to damage sustained by the vehicles involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

12.    Produce all reservation of rights letters pertaining to some or all of the claims made against you in the subject litigation.

13.    Produce all coverage denial letters pertaining to some or all of the claims made against you in the subject litigation.

14.    Produce all of any of the Plaintiff's medical records obtained pursuant to subpoena or otherwise.

15.    Produce all call records for any cellular telephone or push-to-talk device(s) owned and/or utilized by you on May 25, 2021, including, but not limited to, records reflecting calls placed by you and records reflecting calls received or missed by you on said date.

16.     All messaging records for all cellular telephone or push-to-talk device(s) owned and/or utilized by you on May 25, 2021, including, but not limited to, records reflecting text and/or SMS messages sent by you, and records reflecting text and/or SMS messages received by you or sent to your device on said date.

17.     Produce a clear and legible copy of both sides of your driver's license.

Respectfully submitted,


*/s/ Erby Fischer*
Erby Fischer (FIS010)


**OF COUNSEL:**
**Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Phone: (659) 204-6364
Facsimile: (659) 204-6389
Email:  *efischer@forthepeople.com*


### PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL TO THE FOLLOWING:


FREDDY AMADOR BERROA
200 WEST SAN SEBASTIAN CT APT 211
HOUSTON, AL 35572

VSS TRANSPORTATION GROUP, INC.
REG AGNT: NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006

DOCUMENT 12

ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | |
|---|---|
| **CARLA LYNETTE BANKS, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **VS.** ) | **CIVIL ACTION NUMBER:** |
| ) | |
| **FREDDY AMADOR BERROA, an** ) | |
| **individual; VSS TRANSPORTATION** ) | |
| **GROUP, INC.** ) | |

## PLAINTIFF'S CONSOLIDATED DISCOVERY REQUESTS
## TO DEFENDANT, VSS TRANSPORTATION GROUP, INC.

**COMES NOW** the Plaintiff in the above-styled cause and requests that Defendant **VSS**

**TRANSPORTATION GROUP, INC.** answer the following Interrogatories and Requests for

Production within the time limits provided by the ALABAMA RULES OF CIVIL PROCEDURE.

## DEFINITIIONS

Unless otherwise indicated, the following definitions shall be applicable to these

Interrogatories and Requests for Production:

1.      "You" or "Your" as used herein shall mean this defendant; the defendant's

representatives; and all persons acting on behalf of this defendant.

2.      "Document(s)" and "record(s)" as used herein are used in the broadest

possible sense and shall include includes any written, printed, recorded, graphic,

electronic, and computerized matter or sound reproductions, however produced or

reproduced, of any kind, including, but not limited to, the original or any copy of

correspondence, letters, interoffice memoranda, interoffice directives, telephone

conference memoranda, records memoranda, data, notes, printouts, communications,

messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access and/or which are in the possession, care, custody, or control of the responding party or entity. This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of electronic or other computerized data.  Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

4.     "Person" as used herein means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

5.     Requests to "identify a person" or equivalent language means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

6.      Requests to "identify a document" or equivalent language means to state with respect thereto:

      a)      The identity of the person who prepared it;

      b)      The identity of the person who signed it or over whose signature or direction it was issued;

      c)      The identity of each person to whom it was addressed or distributed;

      d)      The nature or substance of the document with sufficient particularity to enable it to be identified;

      e)      Its date and, if it bears no date, the date when it was prepared; and

      f)      The physical location of it and the names of its custodian or custodians.

7.      "Relate to", "relating to", "pertain to", "pertaining to", "regarding" or "evidence" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

8.      "Or" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## <u>INSTRUCTIONS</u>

These interrogatories shall be deemed continuing so as to require supplemental responses upon receipt of additional information by you or your attorney subsequent to your original response.  Any such supplemental responses are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

With respect to documents and things produced in response to the requests for production set forth herein, said items should be organized and labeled to correspond with the categories in the requests.  If you possess no documents responsive to a paragraph of a request, please state this fact and specify the paragraph concerned in your response.  If you object to producing any document in your possession, custody, or control based upon any claim of privilege or immunity, please <u>specifically</u> state the following (i.e., create and provide a privilege log identifying the following information):

a) The precise privilege or immunity claimed and the factual and/or legal basis for asserting the privilege as to each such document or category of documents;

b) The date of the document(s)' creation or receipt, its type/format (e.g., correspondence, memorandum, email, etc.), and the name of each author, sender, addressee and/or recipient;

c) A description of the content of the document(s) to sufficiently enable the Court to rule on the propriety of the privilege or immunity you are asserting;

d) The location of the document(s); and

e) The custodian of the documents.

## INTERROGATORIES TO DEFENDANT VSS TRANSPORTATION GROUP, INC.

1.      Identify all persons answering and/or supplying information used in answering these Interrogatories.

2.      If you contend the Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

3.      State the name, address, and business telephone number of each person with knowledge regarding the facts and circumstances of the motor vehicle accident described in the Complaint.

4.      With respect to the 2020 Volvo Tractor Trailer involved in the motor vehicle collision described in the Complaint, please provide the following information:

a.      By whom the vehicle was owned at the time of the collision;

b.      To whom, if anyone, the vehicle was leased at the time of the incident;

c.      The license and registration number(s) of the vehicle;

d.      Every policy of insurance providing coverage of any kind for the vehicle and/or any person(s) driving the vehicle on the date of this collision.

5.      State the name and principal address of each insurer, of any type whatsoever, which insured this Defendant against risks or losses claimed in this lawsuit and, for each such policy of insurance, please state the name of the insurance company, the name of the insured, the names of all additional insureds, and the policy limits.

6.     Is this defendant a common carrier or contract carrier within the meaning of the regulations of the Interstate Commerce Commission?

7.     Was Defendant FREDDY AMADOR BERROA, an employee of this Defendant on the date of the collision made the basis of this lawsuit? If not, please state in specific detail the nature of this defendant's business relationship with Defendant BERROA.  If yes, please identify the date his employment began, his job duties/description, and whether he is still an employee of this Defendant.

8.     If Defendant BERROA was your employee on May 25, 2021, was he acting within the line and scope of his employment at the time of the motor vehicle accident made the basis of this lawsuit?

9.     Prior May 25, 2021, had this Defendant experienced any problems and/or issues with Defendant BERROA relating in any way to his job performance or his ability to perform his job duties?  If so, describe each issue and/or incident.

10.     Does this Defendant maintain a driver qualification file on Defendant BERROA?  If so, please identify where the file is kept or maintained and please produce a complete copy of the entire file.

11.     Did this Defendant perform any investigations into Defendant BERROA's driver history/record <u>before</u> his employment with this Defendant commenced?  If so, please state what investigations were performed, what any such investigation revealed about Defendant BERROA' driving history, and where that information is kept or can be located.

12. Did this Defendant perform any investigations into Defendant BERROA's driver history/record <u>after</u> his employment with this Defendant commenced?  If so, please state how often such investigation(s) took place, the nature of each investigation, the results of any such investigation, and where that information is kept or can be located.

13. Was Defendant BERROA ever involved in any motor vehicle accidents or incidents in the line and scope of his employment with this Defendant prior to the collision made the basis of this lawsuit?  If so, please identify the date of each such incident and describe the circumstances surrounding each such incident in detail.

14. Please state whether Defendant BERROA was disciplined, reprimanded, or penalized by this Defendant following each such accident or incident described above, if any.

15. Did this Defendant ever have occasion to discipline Defendant BERROA during his employment with this Defendant?  If so, please describe in detail each such instance including:

a. The date of each such disciplinary action;

b. The reason for each disciplinary action;

c. The manner or method of discipline (i.e., verbal or written warning, etc.); and

d. Whether there is a written record of any such disciplinary action(s) and, if so, where those records are kept or maintained.

16.     Did Defendant BERROA in any manner fail to comply with any company rule or regulation on the date of the collision made the basis of this case? If so, please identify each rule or regulation violated and the manner in which it was violated.

17.     Describe in detail any statements made by Defendant BERROA (whether verbal or written) to any agent, servant, employee, owner, or representative of this Defendant (excluding this Defendant's legal counsel) regarding the collision made the basis of this lawsuit.

18.     Identify by name and address every person or company who or which performed any type of maintenance or repair work on the vehicle involved in this collision within the six (6) months prior to the collision and, for each such occasion, please state the date and the describe the work or maintenance performed on said vehicle.

19.     Has this Defendant ever been named as a party in any other lawsuits besides this case? If so, please state for each such matter:

a.     The date and location of the incident giving rise to the claim;

b.     The date the litigation was filed;

c.     The court, case style, and case number of the litigation;

d.     The disposition of the case; and

e.     A brief description of the facts involved.

20.     State the name and address of each person from whom a statement has been obtained by this Defendant or on behalf of this Defendant.

21.     State the full name and address, giving the street, street numbers, city and state, of every witness known to you, or to your attorney, who has any

knowledge regarding the facts and circumstances surrounding the collision made the basis of this lawsuit, including but not limited to eyewitnesses to such event.

22.    State the name and address of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) are expected to testify.

23.    State the substance of the facts, opinions, and conclusions to which every expert is expected to testify in this case.

## REQUESTS FOR PRODUCTION

1.    For each person, entity and vehicle involved in the subject crash or named in this lawsuit, provide a complete and certified copy of the declarations pages, policy forms, endorsements, amendments and other documents for any insurance policies that you (or any other Defendant, to your knowledge) had in force and effect at the time of the subject crash, whether or not you contend the policy covers or may provide coverage for the damages sought in the Complaint, including for any automobile, business auto, commercial general liability, business liability, personal negligence liability, umbrella or excess coverage policies.  This should include all primary and excess insurance policies and should include all portions of the policy including but not limited to the declaration page(s).

2.    Produce a full and complete copy of Defendant BERROA' entire employee personnel file with this Defendant.

3.    Produce a full and complete copy of this Defendant's driver qualification records/file, including any driving abstract, records, or history, for Defendant BERROA.

4.     Produce any photographs taken by this Defendant, or in the possession of this Defendant, relating in any way to the collision made the basis of this lawsuit.

5.     Produce all videos, drawings and/or diagrams taken or made of the scene of the collision, the vehicles involved, and/or the parties involved in the collision made the basis of this lawsuit.

6.     Produce copies of any and all accident investigations, reports, memorandum, correspondence, etc., in this Defendant's possession, custody, or control that in any way relate to the collision made the basis of this lawsuit.

7.     Produce a copy of the bill of sale, registrations documents, title, and all other documents in Petitioner's possession which provides evidence of ownership of the 2020 Volvo Tractor Trailer involved in the collision made the basis of this lawsuit.

8.     Produce any and all documents which Defendant has obtained from any third party with respect to the collision made the basis of this lawsuit.

9.     Produce copies of each and every page of Defendant BERROA's "driver logs" for the seven (7) days prior to and inclusive of the date of the collision made the basis of this complaint.

10.    Produce copies of any and all resumes' or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

11.    Please produce copies of any and all documents consulted, described, referenced, or otherwise used by this Defendant in any manner in formulating your responses to Plaintiff's First Interrogatories, above.

12.    Please produce all records documenting any repairs made to the 2020 Volvo tractor-trailer as a result of the collision made the basis of this case.

13.    Please produce all materials received pursuant to subpoena in this matter.

Respectfully submitted,

*/s/ Erby Fischer*
Erby Fischer (FIS010)

**OF COUNSEL:**
**Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Phone: (659) 204-6364
Facsimile: (659) 204-6389
Email: *efischer@forthepeople.com*

**PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL TO THE FOLLOWING:**

FREDDY AMADOR BERROA
200 WEST SAN SEBASTIAN CT APT 211
HOUSTON, AL 35572

VSS TRANSPORTATION GROUP, INC.
REG AGNT: NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006



AlaFile E-Notice

68-CV-2021-900609.00

To:  ERBY JOHNSON FISCHER MR.
     efischer@forthepeople.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following alias summons was FILED on 4/22/2022 1:00:02 PM

Notice Date:     4/22/2022 1:00:02 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

To:  FREDDY AMADOR BERROA
     200 WEST SAN SEBASTIAN CT
     APT 211
     HOUSTON, TX, 77058

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following alias summons was FILED on 4/22/2022 1:00:02 PM

Notice Date:     4/22/2022 1:00:02 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

To:  VSS TRANSPORTATION GROUP, INC.
     C/O NATASHA SUSIC
     1325 WEST BELT LINE ROAD
     CARROLLTON, TX, 75006

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following alias summons was FILED on 4/22/2022 1:00:02 PM

Notice Date:     4/22/2022 1:00:02 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>68-CV-2021-900609.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL

**NOTICE TO:** FREDDY AMADOR BERROA, 200 WEST SAN SEBASTIAN CT APT 211, HOUSTON, TX 77058

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ERBY JOHNSON FISCHER MR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Ave North, BIRMINGHAM, AL 35203 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.    *(Name(s))*

| 04/22/2022 | /s/ KAREN DUNN BURKS | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*    *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>68-CV-2021-900609.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL

**NOTICE TO:** VSS TRANSPORTATION GROUP, INC., C/O NATASHA SUSIC 1325 WEST BELT LINE ROAD, CARROLLTON, TX 75006

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ERBY JOHNSON FISCHER MR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Ave North, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                              *(Name(s))*

| 04/22/2022 | /s/ KAREN DUNN BURKS | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested. _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

[ ] Return receipt of certified mail received in this office on _____.

*(Date)*

[ ] I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*



AlaFile E-Notice

ELECTRONICALLY FILED
4/25/2022 9:29 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

68-CV-2021-900609.00

To:   ERBY JOHNSON FISCHER MR.
      efischer@forthepeople.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following complaint was FILED on 12/1/2021 10:37:26 AM

Notice Date:      12/1/2021 10:37:26 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

DOCUMENT 115

ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>68<br><br>Date of Filing:        Judge Code:<br>12/01/2021 |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### CARLA LYNETTE BANKS v. FREDDY AMADOR BERROA ET AL

**First Plaintiff:** ☐ Business  ☑ Individual     **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other                   ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER
DISTRICT COURT

R ☐ REMANDED        T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

_____FIS010_____        _____12/1/2021 10:37:18 AM_____        /s/ ERBY JOHNSON FISCHER MR.
Date                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**        ☐ YES ☑ NO

ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BESSEMER DIVISION

| | |
|---|---|
| **CARLA LYNETTE BANKS, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **VS.** | )    **CIVIL ACTION NUMBER:** |
| | ) |
| **FREDDY AMADOR BERROA, an** | ) |
| **individual; VSS TRANSPORTATION** | ) |
| **GROUP, INC.** | ) |

FICTITIOUS DEFENDANTS: **No. 1**, whether singular or plural, the driver of the motor vehicle which collided with Plaintiff's vehicle and whose negligence caused the Plaintiff's injuries on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; **No. 3**, whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; **No. 4**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 5**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 6**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 7**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 8**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 9**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; **No. 10**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 12**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the

occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 13**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 15**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 16**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 17**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which provided workers compensation benefits to Plaintiff and/or on her behalf as a result of the incident made the basis of this Complaint. **No. 20**, whether singular or plural, that individual, establishment, or entity who provided, sold, procured and/or made available any and/or all alcohol and/or any substances consumed by Defendant Pulliam in the 24 hours before the incident made the basis of this Complaint. Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained],

   **Defendants.**

## COMPLAINT

## STATEMENT OF THE PARTIES

1.     Plaintiff CARLA LYNETTE BANKS ("Plaintiff" or "Plaintiff  BANKS") is a

resident of Guntersville,  (Marshall County), Alabama, and is over nineteen (19) years of

age.

2.      Defendant FREDDY AMADOR BERROA ("Defendant BERROA") is, upon information and belief, over the age of (19) years and is a resident of Houston (Winston County), Alabama.

3.      Defendant VSS   TRANSPORTATION   GROUP,   INC.   ("Defendant VSS TRANSPORTATION   GROUP,   INC.") is,   upon   information   and   belief,   a   foreign corporation with its principal place of business located in Carrollton, Texas, and was doing business within the State of Alabama on May 25, 2021.   Upon information and belief, Defendant BERROA was the agent, servant or employee of Defendant VSS TRANSPORTATION   GROUP,   INC. and was acting   within   the   line   and   scope   of   his agency,   service   and/or   employment at   all   times relevant   hereto   such   that VSS TRANSPORTATION   GROUP,   INC. is   vicariously   liable   for   the   negligent,   reckless, wanton or otherwise wrongful conduct of the Defendant BERROA.

## STATEMENT OF FACTS

4.      On May 25, 2021, Plaintiff BANKS was traveling northbound in the left hand lane on Interstate 20/59 near Mile Post 115 in Bessemer, Jefferson County, Alabama.

5.      At that same date and time, Defendant BERROA was also traveling northbound in the right hand lane of Interstate 20/59 near Mile Post 115 in Bessemer, Jefferson County, Alabama.

6.      As Plaintiff BANKS lawfully proceeded down Interstate 20-59, Defendant BERROA entered into Plaintiff BANKS' lane of travel, causing his vehicle to collide with Plaintiff BANKS' vehicle.

7.     As a result of the crash, Plaintiff BANKS sustained physical injuries and damages, including, but not limited to, fractured ribs, head and facial pain, pain in the neck, arms, shoulders, thoracic spine, and lumbar spine, pain in the right knee and bruises and contusion to the body. Plaintiff BANKS was also forced to miss time off work, in addition to suffering inconvenience, medical costs and expenses, out-of-pocket costs, and mental anguish and emotional distress.

## COUNT ONE - NEGLIGENCE

8.     Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

9.     At all times relevant hereto, Defendant BERROA owed the motoring public, including the Plaintiff, certain duties of care, including:

a.     The duty to operate his vehicle in a safe manner;

b.     The duty to keep a proper lookout for other motorists;

c.     The duty to obey the Alabama Rules of the Road.

10.    On May 25, 2021, Defendant BERROA, negligently caused or allowed the motor vehicle he was operating to collide with the vehicle being operated by Plaintiff BANKS.

11.    As a proximate consequence of the negligence of the Defendant BERROA, Plaintiff BANKS was injured and damaged as follows:

a.     Fractured ribs, neck, arms, head and back pain, right knee pain, contusions to body, all requiring medical treatment and care;

b.      Pain and suffering, which Plaintiff BANKS continues to experience and will experience in the future;

c.      Medical bills, costs, and expenses, which Plaintiff BANKS has incurred and will continue to incur in the future;

d.      Out-of-pocket medical costs and expenses;

e.      Out-of-pocket, non-medical expenses;

f.      Property damage and loss;

g.      Lost wages and lost or diminished income;

h.      Lost or diminished enjoyment of life; and,

i.      Inconvenience, mental anguish, and emotional distress.

12.      At all times relevant hereto, Defendant BERROA was the agent, servant, or employee of Defendant VSS TRANSPORTATION GROUP, INC., and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant BERROA.

13.      The negligence of Defendant BERROA combined and concurred with the negligence or wrongful conduct of all other named and fictitious defendants, causing Plaintiff to be injured and damaged as a proximate result.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO – NEGLIGENCE *PER SE*

14.     At the time of the collision made the basis of this lawsuit, Defendant BERROA was operating his vehicle in violation of several of Alabama's Rules of the Road, including, without limitation, Alabama Code § 32-5A-88.

15.     Defendant BERROA's violation of the above listed Alabama statute mandates constitutes negligence *per se.*

16.     As a proximate consequence of the negligence *per se* of Defendant BERROA, Plaintiff was injured and damaged as set forth in paragraph 11 above and incorporated herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT THREE – WANTONNESS

17.     Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

18.     On May 25, 2021, Defendant BERROA, wantonly and/or recklessly caused or allowed the motor vehicle he was operating to collide with the motor vehicle being operated by Plaintiff BANKS when he unlawfully failed to keep a proper lookout, unlawfully failed to maintain control of his vehicle and unlawfully failed to maintain his lane of travel, causing a collision with Plaintiff BANKS.

19.     As a proximate consequence of the wantonness of Defendant BERROA, Plaintiff was injured and damaged as set forth in paragraph 11 above and incorporated herein.

20.     At all times relevant hereto, Defendant BERROA was the agent, servant, or employee of Defendant VSS TRANSPORTATION GROUP, INC., and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant BERROA.

21.     Plaintiff demands punitive damages of the Defendants, jointly and severally, as a result of their respective wanton conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT FOUR - RESPONDEAT SUPERIOR AND AGENCY

22.     Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

23.     Plaintiff avers and alleges that Defendant BERROA was the agent, servant or employee of Defendant VSS TRANSPORTATION GROUP, INC. and was acting within the line and scope of such agency, service or employment at the time of the accident on May 25, 2021, and consequently, Defendant VSS TRANSPORTATION

GROUP, INC., is liable for any negligent and/or wanton acts committed by Defendant BERROA while he was acting within the line and scope of his employment.

24.    Defendant BERROA negligently and/or wantonly caused or allowed the motor vehicle he was operating on the occasion made the basis of this lawsuit to collide with Plaintiff's vehicle.

25.    As a proximate consequence of the negligence, recklessness, and/or wantonness of Defendant BERROA, by and through the theories of *respondeat superior* and agency, Plaintiff was injured and damaged as described in paragraph 11 above and incorporated herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT

26.    Plaintiff adopts and re-alleges all prior paragraphs of this Complaint, as if set forth fully herein.

27.    On May 5, 2021, in Bessemer, Jefferson County, Alabama, Defendant BERROA negligently, recklessly and/or wantonly failed to maintain control of his vehicle, failed to keep a proper lookout on the roadway, failed to maintain his vehicle in a single lane of travel without first ascertaining that any movement can be made with safety, thereby causing or allowing the vehicle he was operating to violently crash into

the vehicle being operated by Plaintiff, BANKS, resulting in the injuries and damages to CARLA LYNETTE BANKS.

28. Upon information and belief, Defendant VSS TRANSPORTATION GROUP, INC. was the registered owner of the 2020 Volvo Tractor Trailer truck involved in the collision with Plaintiff.

29. Additionally, or in the alternative, Defendant BERROA was operating the 2020 Volvo Tractor Trailer truck at the time of this collision while in the agency, service, or employment of and/or at the direction or under the control of Defendant VSS TRANSPORTATION GROUP, INC..

30. Upon information and belief, Defendant VSS TRANSPORTATION GROUP, INC. negligently and/or wantonly entrusted the use of the 2020 Volvo Tractor Trailer truck to Defendant BERROA on the date made the basis of this lawsuit.

31. Defendant VSS TRANSPORTATION GROUP, INC. knew, or by the exercise of reasonable care should have known, that Defendant BERROA was incompetent to operate the 2020 Volvo Tractor Trailer truck; and/or that Defendant BERROA had a history of violating the Rules of the Road; and/or that Defendant BERROA operated the 2020 Volvo Tractor Trailer truck in an unsafe manner; and/or, based upon his driving history, was likely to operate said vehicle in a manner involving risk of harm to others.

32. As a direct and proximate result of Defendant VSS TRANSPORTATION GROUP, INC.'s negligent and/or wanton entrustment of the 2020 Volvo Tractor Trailer

truck to Defendant BERROA, Plaintiff, CARLA LYNETTE BANKS, was caused to be injured and damaged.

33.     At all times relevant hereto, Defendant BERROA was an agent, servant and/or employee of Defendant VSS TRANSPORTATION GROUP, INC. and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, wanton, and/or reckless conduct of Defendant BERROA.

34.     The negligence, wantonness, and/or recklessness of Defendant VSS TRANSPORTATION GROUP, INC. combined and concurred with the negligence, wantonness, and/or recklessness of all other named and/or Fictitious Defendant(s), causing Plaintiff, BANKS, to sustain injuries and damages as a proximate result.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff CARLA LYNETTE BANKS, demands judgment against the named and Fictitious Defendants, jointly and severally, for damages in an amount to be determined by a struck jury, plus interest and costs.

## COUNT SIX – FICTITIOUS DEFENDANTS

35.     Plaintiff BANKS adopts and re-alleges every material averment in Counts One through Five of this Complaint as if fully set out herein, except that Plaintiff Banks substitutes the words "Fictitious Defendant(s) 1 - 20" for the named Defendant in Counts One through Five.

36.     Plaintiff BANKS avers that the negligent, reckless, wanton, or otherwise wrongful conduct of Fictitious Defendant(s) 1 - 20 combined and concurred with the negligent, reckless, wanton, or otherwise wrongful conduct of the named Defendant to proximately cause Plaintiff BANKS's injuries and damages, as set forth and described in Counts One through Five, above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff BANKS demands judgment against Defendant BERROA, VSS TRANSPORTATION GROUP, INC. and/or Fictitious Defendant(s), for general and compensatory damages as well as special and punitive damages as the court may determine, together with interest from the date of the injury plus the costs of this action.

## JURY DEMAND

## PLAINTIFF DEMANDS A STRUCK JURY FOR ALL ISSUES IN THIS CASE

Respectfully submitted,

*/s/ Erby J. Fischer*
ERBY J. FISCHER
Attorney for Plaintiff

**OF COUNSEL:**
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North
Birmingham, AL 35203
P: (659) 204-6364
F: (659) 204-6389
efischer@forthepeople.com

Plaintiff's Address:
c/o Morgan & Morgan Birmingham, PLLC
2317 3rd Avenue North
Birmingham, AL 35203
P: (659) 204-6364
F: (659) 204-6389
efischer@forthepeople.com

**Please serve the following by certified mail:**

FREDDY AMADOR BERROA
200 WEST SAN SEBASTIAN CT APT 211
HOUSTON, AL 35572

VSS TRANSPORTATION GROUP, INC.
REG AGNT: NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006


ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | |
|---|---|
| **CARLA LYNETTE BANKS, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **VS.** ) | **CIVIL ACTION NUMBER:** |
| ) | |
| **FREDDY AMADOR BERROA, an** ) | |
| **individual; VSS TRANSPORTATION** ) | |
| **GROUP, INC.** ) | |

## PLAINTIFF'S CONSOLIDATED DISCOVERY REQUESTS
## TO DEFENDANT FREDDY AMADOR BERROA

**COMES NOW** the Plaintiff in the above-styled cause and requests that FREDDY

AMADOR BERROA answer the following Interrogatories and Requests for Production

within the time limits provided by the Alabama Rules of Civil Procedure.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these

Interrogatories and Requests for Production:

1.      "You" or "Your" as used herein shall mean this defendant; the defendant's

representatives; and all persons acting on behalf of this defendant.

2.      "Document(s)" and "record(s)" as used herein are used in the broadest

possible sense and shall include includes any written, printed, recorded, graphic,

electronic, and computerized matter or sound reproductions, however produced or

reproduced, of any kind, including, but not limited to, the original or any copy of

correspondence, letters, interoffice memoranda, interoffice directives, telephone

conference memoranda, records memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access and/or which are in the possession, care, custody, or control of the responding party or entity. This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of electronic or other computerized data.  Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

4.     "Person" as used herein means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

5.     Requests to "identify a person" or equivalent language means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

6. Requests to "identify a document" or equivalent language means to state with respect thereto:

a) The identity of the person who prepared it;
b) The identity of the person who signed it or over whose signature or direction it was issued;
c) The identity of each person to whom it was addressed or distributed;
d) The nature or substance of the document with sufficient particularity to enable it to be identified;
e) Its date and, if it bears no date, the date when it was prepared; and
f) The physical location of it and the names of its custodian or custodians.

7. "Relate to", "relating to", "pertain to", "pertaining to", "regarding" or "evidence" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

8. "Or" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## **INSTRUCTIONS**

These interrogatories shall be deemed continuing so as to require supplemental responses upon receipt of additional information by you or your attorney subsequent to your original response. Any such supplemental responses are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

With respect to documents and things produced in response to the requests for production set forth herein, said items should be organized and labeled to correspond with the categories in the requests. If you possess no documents responsive to a paragraph of a request, please state this fact and specify the paragraph concerned in your response. If you object to producing any document in your possession, custody, or control based upon any claim of privilege or immunity, please specifically state the following (i.e., create and provide a privilege log identifying the following information):

a.     The precise privilege or immunity claimed and the factual and/or legal basis for asserting the privilege as to each such document or category of documents;

b.     The date of the document(s)' creation or receipt, its type/format (e.g., correspondence, memorandum, email, etc.), and the name of each author, sender, addressee and/or recipient;

c.     A description of the content of the document(s) to sufficiently enable the Court to rule on the propriety of the privilege or immunity you are asserting;

d.     The location of the document(s); and

e.     The custodian of the documents.

### INTERROGATORIES TO DEFENDANT FREDDY AMADOR BERROA

1.     State your full correct name, residence address, business address, date of birth, social security number and driver's license number.

2.     Provide a list of all valid driver's licenses held by you at the time of the incident, including in your response the state in which each license was issued and the license number.

3.      Please give the name and address of each employer you have had since you last attended school, your job title and job duties for each job listed, the reason(s) you left each listed employment.

4.      State the name and principal address of each insurer, of any type whatsoever, which insured this Defendant against risks or losses claimed in this lawsuit and for each such policy of insurance, please state the name of the insurance company, the name of all insured, the names of all additional insureds, and the policy limits.

5.      Were there any passengers in your vehicle at the time of the accident?  If, so please state their names and addresses and the purpose of their presence in the vehicle.

6.      At the time of the accident made the basis of this lawsuit, were you acting within the line and scope of your employment with an employer?  If your answer is yes, please identify the name and business address of the employer.

7.      At the time of the accident made the basis of this lawsuit, were you performing a mission or a task for someone else?  If your answer is yes, please identify the name and address of the entity or individual.

8.      With respect to the vehicle you were driving when this collision occurred, identify the owner of the vehicle, where the vehicle was regularly kept or located when not in use, who gave you permission to operate the vehicle and/or requested that you operate the vehicle on the date of the accident in this case, whether you had ever driven the vehicle prior to the date of this accident, and how often (estimated) you drove the vehicle on a weekly basis.

9.      Have you ever had a driver's license suspended, canceled or revoked?  If so, please list the State of each such suspension, cancellation, or revocation; the date of each such action; and the reason(s) for each such action.

10.     If you have ever received a ticket for a traffic violation, for each such violation please list the State in which such ticket was received; the date of the ticket; the reason for the citation; and, the penalty imposed.

11.     Please state whether you have been involved in any other collisions involving a motor vehicle in the ten (10) years preceding the date of the collision made the basis of this suit.  If your answer is yes, please state the date and location of each such accident and the cause of each such accident.

12.     In the twenty-four-hour period prior to the accident made the basis of this lawsuit, had you consumed any alcohol?  If yes, state when and how much was consumed.

13.     In the twenty-four-hour period prior to the accident made the basis of this lawsuit, had you used any legal or illegal drugs, including but not limited to, any medications (either prescribed or over the counter)?  If yes, state the name of the drug, when it was taken, and how much was taken.

14.     Please describe with particularity and in detail everything you did in the 24-hour period preceding the collision made the basis of this case.

15.     What was the purpose of the trip you were making at the time of the collision made the basis of this case?

16.     State in detail in your own words how the collision made the basis of this action occurred.

17.     Did you observe the Plaintiff at any time prior to the impact made the basis of this lawsuit?  If so, describe each and every action taken by you from the point at which you first observed the Plaintiff until the point of impact.

18.     List with specificity your hours of service for the seven (7) days prior to <u>and including April 1, 2021</u>, including in your response the number of miles driven each day, the starting and stopping destination for each trip listed, and where this information is kept or located.

19.     Please provide your cell phone number and carrier at the time of the accident made the basis of this case.

20.     State whether or not you were either using your cell phone immediately before, during, or after the accident.  If you were using your cell phone, please state the names and telephone numbers of those to whom you were communicating at the times referred to above.

21.     If you contend that you were <u>not</u> using a phone at the time of the wreck, then please identify that first call you made or received <u>after</u> the wreck occurred, including in your answer the name and number of the person with whom you spoke and a description of the conversation.

22.     If you contend that you were <u>not</u> using a phone at the time of the wreck, then please identify that first text message you sent or received <u>after</u> the wreck occurred,

including in your answer the name and number of the sender/recipient and the substance of the message.

23.     If you wear glasses or prescription lenses and/or have been diagnosed with any vision impairment, please identify the name and address of your eye doctor(s).

24.     If you are aware of any eyewitnesses to the accident, please state for each such witness their name and address, and the nature of each and every conversation you had with each such witness.

25.     Have you ever been named as a party in a lawsuit?  If so, for each such lawsuit, please state the court, the date such action was commenced, and the style of said lawsuit.

26.     Have you ever been convicted of a crime?  If so, for each such instance, please state the nature of the offense with which you were charged; the location and court in which the proceedings occurred; and the disposition of said case.

27.     Please state the name, address, and telephone number of every person whom you or someone on your behalf has interviewed and/or taken a statement regarding the collision made the basis of this case, along with the date of each interview or statement, the identity of the person(s) conducting each interview or taking each statement, and whether the interview or statement was recorded or transcribed.

28.     Please state the name, address, and telephone number of every person to whom you or someone on your behalf has provided an interview and/or made a statement regarding the collision made the basis of this case, along with the date of each

interview or statement, the identity of the person(s) conducting each interview or taking each statement, and whether each interview or statement was recorded or transcribed.

29.     Please state whether or not you expect to call any expert witnesses in the defense of this case and, if so, please state the name and address of each such expert witness, the qualifications of each such expert witness, the opinions expected to be elicited from each such expert witness, and the facts upon which each expert witness will reply in forming his or her opinions.

30.     Do you or anyone acting on your behalf known of any photographs, films, or videotapes depicting any place, object, or individual involved in the collision made the basis of this case?  If so, please provide the date the photographs, film, or videotapes were taken, a brief description of the places, objects, or persons photographed, filmed, or videotaped, and the identity of the person(s) who took or created the photographs, films, or videotapes.

31.     Please provide the name, address, telephone number, employer, and employment title of any and all persons who performed any investigation into the collision made the basis of this case.

32.     Please provide the name, address, telephone number, employer, and employment title of any and all persons who performed any inspections of the accident scene, and/or motor vehicles involved in the collision made the basis of this case and the date of each such inspection.

DOCUMENT 15

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Produce any photographs taken by this Defendant, or in the possession of this Defendant, relating in any way to the accident made the basis of Plaintiff's complaint.

2.    Produce all videos, drawings and/or diagrams taken or made of the scene of the accident, the vehicles involved, and the parties involved in the accident made the basis of this lawsuit.

3.    Produce a copy of each and every document in this Defendant's possession which evidences the ownership of the motor vehicle you were operating at the time of the collision made the basis of this lawsuit.

4.    Produce a copy of each and every license this Defendant possesses for operation of a motor vehicle.

5.    Produce copies of all incident investigations, reports, memoranda, and correspondence which relates to the accident made the basis of this lawsuit.

6.    Produce copies of your cell phone bill(s) for the month of May 2021.  This request applies to each cell phone you owned or were provided at the time of the collision made the basis of this lawsuit.

7.    Produce each and every policy of insurance that might afford this Defendant any coverage with regard to the accident made the basis of Plaintiff's complaint.  This should include all primary and excess insurance policies and should include all portions of the policy including but not limited to the declarations page(s).

8.      Produce true, correct, and complete copies of any and all reports of any expert(s) retained by you and/or that you expect to call at the trial of this matter.

9.      Produce true, correct, and complete copies of all statements made by anyone who has any knowledge whatsoever regarding the facts and circumstances surrounding the accident made the basis of this action, including the name of the individual and their last known address.

10.     Produce true, correct, and complete copies of any and all documents related to any investigation and/or inspection of the incident made the basis of this litigation.

11.     Produce each and every document pertaining to damage sustained by the vehicles involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

12.     Produce all reservation of rights letters pertaining to some or all of the claims made against you in the subject litigation.

13.     Produce all coverage denial letters pertaining to some or all of the claims made against you in the subject litigation.

14.     Produce all of any of the Plaintiff's medical records obtained pursuant to subpoena or otherwise.

15.     Produce all call records for any cellular telephone or push-to-talk device(s) owned and/or utilized by you on May 25, 2021, including, but not limited to, records reflecting calls placed by you and records reflecting calls received or missed by you on said date.

16.     All messaging records for all cellular telephone or push-to-talk device(s) owned and/or utilized by you on May 25, 2021, including, but not limited to, records reflecting text and/or SMS messages sent by you, and records reflecting text and/or SMS messages received by you or sent to your device on said date.

17.     Produce a clear and legible copy of both sides of your driver's license.

Respectfully submitted,

*/s/ Erby Fischer*
Erby Fischer (FIS010)

**OF COUNSEL:**
**Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Phone: (659) 204-6364
Facsimile: (659) 204-6389
Email:  *efischer@forthepeople.com*

**PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL TO THE FOLLOWING:**

FREDDY AMADOR BERROA
200 WEST SAN SEBASTIAN CT APT 211
HOUSTON, AL 35572

VSS TRANSPORTATION GROUP, INC.
REG AGNT: NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006


ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

**CARLA LYNETTE BANKS, an individual,**       )
                                               )
    **Plaintiff,**                              )
                                               )
**VS.**                                        )    **CIVIL ACTION NUMBER:**
                                               )
**FREDDY AMADOR BERROA, an**                   )
**individual; VSS TRANSPORTATION**             )
**GROUP, INC.**                                )

## PLAINTIFF'S CONSOLIDATED DISCOVERY REQUESTS
## TO DEFENDANT, VSS TRANSPORTATION GROUP, INC.

**COMES NOW** the Plaintiff in the above-styled cause and requests that Defendant **VSS TRANSPORTATION GROUP, INC.** answer the following Interrogatories and Requests for Production within the time limits provided by the ALABAMA RULES OF CIVIL PROCEDURE.

## DEFINITIIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories and Requests for Production:

1.    "You" or "Your" as used herein shall mean this defendant; the defendant's representatives; and all persons acting on behalf of this defendant.

2.    "Document(s)" and "record(s)" as used herein are used in the broadest possible sense and shall include includes any written, printed, recorded, graphic, electronic, and computerized matter or sound reproductions, however produced or reproduced, of any kind, including, but not limited to, the original or any copy of correspondence, letters, interoffice memoranda, interoffice directives, telephone conference memoranda, records memoranda, data, notes, printouts, communications,

messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access and/or which are in the possession, care, custody, or control of the responding party or entity. This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of electronic or other computerized data.  Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

4. "Person" as used herein means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

5. Requests to "identify a person" or equivalent language means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

6.      Requests to "identify a document" or equivalent language means to state with respect thereto:

    a)      The identity of the person who prepared it;

    b)      The identity of the person who signed it or over whose signature or direction it was issued;

    c)      The identity of each person to whom it was addressed or distributed;

    d)      The nature or substance of the document with sufficient particularity to enable it to be identified;

    e)      Its date and, if it bears no date, the date when it was prepared; and

    f)      The physical location of it and the names of its custodian or custodians.

7.      "Relate to", "relating to", "pertain to", "pertaining to", "regarding" or "evidence" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

8.      "Or" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## INSTRUCTIONS

These interrogatories shall be deemed continuing so as to require supplemental responses upon receipt of additional information by you or your attorney subsequent to your original response.  Any such supplemental responses are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

With respect to documents and things produced in response to the requests for production set forth herein, said items should be organized and labeled to correspond with the categories in the requests.  If you possess no documents responsive to a paragraph of a request, please state this fact and specify the paragraph concerned in your response.  If you object to producing any document in your possession, custody, or control based upon any claim of privilege or immunity, please _specifically_ state the following (i.e., create and provide a privilege log identifying the following information):

a) The precise privilege or immunity claimed and the factual and/or legal basis for asserting the privilege as to each such document or category of documents;

b) The date of the document(s)' creation or receipt, its type/format (e.g., correspondence, memorandum, email, etc.), and the name of each author, sender, addressee and/or recipient;

c) A description of the content of the document(s) to sufficiently enable the Court to rule on the propriety of the privilege or immunity you are asserting;

d) The location of the document(s); and

e) The custodian of the documents.

DOCUMENT 45

## INTERROGATORIES TO DEFENDANT VSS TRANSPORTATION GROUP, INC.

1.      Identify all persons answering and/or supplying information used in answering these Interrogatories.

2.      If you contend the Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

3.      State the name, address, and business telephone number of each person with knowledge regarding the facts and circumstances of the motor vehicle accident described in the Complaint.

4.      With respect to the  2020 Volvo Tractor Trailer involved in the motor vehicle collision described in the Complaint, please provide the following information:

a.      By whom the vehicle was owned at the time of the collision;

b.      To whom, if anyone, the vehicle was leased at the time of the incident;

c.      The license and registration number(s) of the vehicle;

d.      Every policy of insurance providing coverage of any kind for the vehicle and/or any person(s) driving the vehicle on the date of this collision.

5.      State the name and principal address of each insurer, of any type whatsoever, which insured this Defendant against risks or losses claimed in this lawsuit and, for each such policy of insurance, please state the name of the insurance company, the name of the insured, the names of all additional insureds, and the policy limits.

6.      Is this defendant a common carrier or contract carrier within the meaning of the regulations of the Interstate Commerce Commission?

7.      Was Defendant FREDDY AMADOR BERROA, an employee of this Defendant on the date of the collision made the basis of this lawsuit? If not, please state in specific detail the nature of this defendant's business relationship with Defendant BERROA.  If yes, please identify the date his employment began, his job duties/description, and whether he is still an employee of this Defendant.

8.      If Defendant BERROA was your employee on May 25, 2021, was he acting within the line and scope of his employment at the time of the motor vehicle accident made the basis of this lawsuit?

9.      Prior May 25, 2021, had this Defendant experienced any problems and/or issues with Defendant BERROA relating in any way to his job performance or his ability to perform his job duties?  If so, describe each issue and/or incident.

10.     Does this Defendant maintain a driver qualification file on Defendant BERROA?  If so, please identify where the file is kept or maintained and please produce a complete copy of the entire file.

11.     Did this Defendant perform any investigations into Defendant BERROA's driver history/record before his employment with this Defendant commenced?  If so, please state what investigations were performed, what any such investigation revealed about Defendant BERROA' driving history, and where that information is kept or can be located.

12.     Did     this     Defendant     perform     any     investigations     into Defendant BERROA's driver history/record <u>after</u> his employment with this Defendant commenced?  If so, please state how often such investigation(s) took place, the nature of each investigation, the results of any such investigation, and where that information is kept or can be located.

13.     Was Defendant BERROA ever involved in any motor vehicle accidents or incidents in the line and scope of his employment with this Defendant prior to the collision made the basis of this lawsuit?  If so, please identify the date of each such incident and describe the circumstances surrounding each such incident in detail.

14.     Please state whether Defendant BERROA was disciplined, reprimanded, or penalized by this Defendant following each such accident or incident described above, if any.

15.     Did     this     Defendant     ever     have     occasion     to     discipline Defendant BERROA during his employment with this Defendant?  If so, please describe in detail each such instance including:

a.     The date of each such disciplinary action;

b.     The reason for each disciplinary action;

c.     The manner or method of discipline (i.e., verbal or written warning, etc.); and

d.     Whether there is a written record of any such disciplinary action(s) and, if so, where those records are kept or maintained.

16.     Did Defendant BERROA in any manner fail to comply with any company rule or regulation on the date of the collision made the basis of this case?  If so, please identify each rule or regulation violated and the manner in which it was violated.

17.     Describe in detail any statements made by Defendant BERROA (whether verbal or written) to any agent, servant, employee, owner, or representative of this Defendant (excluding this Defendant's legal counsel) regarding the collision made the basis of this lawsuit.

18.     Identify by name and address every person or company who or which performed any type of maintenance or repair work on the vehicle involved in this collision within the six (6) months prior to the collision and, for each such occasion, please state the date and the describe the work or maintenance performed on said vehicle.

19.     Has this Defendant ever been named as a party in any other lawsuits besides this case? If so, please state for each such matter:

a.     The date and location of the incident giving rise to the claim;

b.     The date the litigation was filed;

c.     The court, case style, and case number of the litigation;

d.     The disposition of the case; and

e.     A brief description of the facts involved.

20.     State the name and address of each person from whom a statement has been obtained by this Defendant or on behalf of this Defendant.

21.     State the full name and address, giving the street, street numbers, city and state, of every witness known to you, or to your attorney, who has any

knowledge regarding the facts and circumstances surrounding the collision made the basis of this lawsuit, including but not limited to eyewitnesses to such event.

22.     State the name and address of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) are expected to testify.

23.     State the substance of the facts, opinions, and conclusions to which every expert is expected to testify in this case.

## REQUESTS FOR PRODUCTION

1.     For each person, entity and vehicle involved in the subject crash or named in this lawsuit, provide a complete and certified copy of the declarations pages, policy forms, endorsements, amendments and other documents for any insurance policies that you (or any other Defendant, to your knowledge) had in force and effect at the time of the subject crash, whether or not you contend the policy covers or may provide coverage for the damages sought in the Complaint, including for any automobile, business auto, commercial general liability, business liability, personal negligence liability, umbrella or excess coverage policies.  This should include all primary and excess insurance policies and should include all portions of the policy including but not limited to the declaration page(s).

2.     Produce a full and complete copy of Defendant BERROA' entire employee personnel file with this Defendant.

3.     Produce a full and complete copy of this Defendant's driver qualification records/file, including any driving abstract, records, or history, for Defendant BERROA.

4.      Produce any photographs taken by this Defendant, or in the possession of this Defendant, relating in any way to the collision made the basis of this lawsuit.

5.      Produce all videos, drawings and/or diagrams taken or made of the scene of the collision, the vehicles involved, and/or the parties involved in the collision made the basis of this lawsuit.

6.      Produce copies of any and all accident investigations, reports, memorandum, correspondence, etc., in this Defendant's possession, custody, or control that in any way relate to the collision made the basis of this lawsuit.

7.      Produce a copy of the bill of sale, registrations documents, title, and all other documents in Petitioner's possession which provides evidence of ownership of the 2020 Volvo Tractor Trailer involved in the collision made the basis of this lawsuit.

8.      Produce any and all documents which Defendant has obtained from any third party with respect to the collision made the basis of this lawsuit.

9.      Produce copies of each and every page of Defendant BERROA's "driver logs" for the seven (7) days prior to and inclusive of the date of the collision made the basis of this complaint.

10.     Produce copies of any and all resumes' or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

11.     Please produce copies of any and all documents consulted, described, referenced, or otherwise used by this Defendant in any manner in formulating your responses to Plaintiff's First Interrogatories, above.

DOCUMENT 15

12. Please produce all records documenting any repairs made to the 2020 Volvo tractor-trailer as a result of the collision made the basis of this case.

13. Please produce all materials received pursuant to subpoena in this matter.

Respectfully submitted,


*/s/ Erby Fischer*
Erby Fischer (FIS010)


**OF COUNSEL:**
**Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Phone: (659) 204-6364
Facsimile: (659) 204-6389
Email: *efischer@forthepeople.com*


## PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL TO THE FOLLOWING:

FREDDY AMADOR BERROA
200 WEST SAN SEBASTIAN CT APT 211
HOUSTON, AL 35572

VSS TRANSPORTATION GROUP, INC.
REG AGNT: NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006



AlaFile E-Notice

68-CV-2021-900609.00

To:  ERBY JOHNSON FISCHER MR.
efischer@forthepeople.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following alias summons was FILED on 4/25/2022 9:29:25 AM

Notice Date:     4/25/2022 9:29:25 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

To:  FREDDY AMADOR BERROA
     200 WEST SAN SEBASTIAN CT
     APT 211
     ALTAMONTE SPRINGS, FL, 32714

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following alias summons was FILED on 4/25/2022 9:29:25 AM

Notice Date:     4/25/2022 9:29:25 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

To:  VSS TRANSPORTATION GROUP, INC. (PRO SE)
C/O NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX, 75006-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following alias summons was FILED on 4/25/2022 9:29:25 AM

Notice Date:      4/25/2022 9:29:25 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>68-CV-2021-900609.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL

**NOTICE TO:** FREDDY AMADOR BERROA, 200 WEST SAN SEBASTIAN CT APT 211, ALTAMONTE SPRINGS, FL 32714

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ERBY JOHNSON FISCHER MR. ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Ave North, BIRMINGHAM, AL 35203 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 04/25/2022 | /s/ KAREN DUNN BURKS | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*   *(Server's Signature)*      *(Address of Server)*

_____          _____

*(Server's Printed Name)*      *(Phone Number of Server)*



**AlaFile E-Notice**

ELECTRONICALLY FILED
4/25/2022 9:49 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

68-CV-2021-900609.00

To: ERBY JOHNSON FISCHER MR.
efischer@forthepeople.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following complaint was FILED on 12/1/2021 10:37:26 AM

Notice Date:    12/1/2021 10:37:26 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

DOCUMENT 18

ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>68<br><br>Date of Filing:<br>12/01/2021 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### CARLA LYNETTE BANKS v. FREDDY AMADOR BERROA ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

| FIS010 | 12/1/2021 10:37:18 AM | /s/ ERBY JOHNSON FISCHER MR. |
| | Date | Signature of Attorney/Party filing this form |

---

**MEDIATION REQUESTED:**     ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**     ☐ YES  ☑ NO

DOCUMENT 18

ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | |
|---|---|
| **CARLA LYNETTE BANKS, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **VS.** | )   **CIVIL ACTION NUMBER:** |
| | ) |
| **FREDDY AMADOR BERROA, an individual; VSS TRANSPORTATION GROUP, INC.** | ) |
| | ) |
| | ) |

FICTITIOUS DEFENDANTS: **No. 1**, whether singular or plural, the driver of the motor vehicle which collided with Plaintiff's vehicle and whose negligence caused the Plaintiff's injuries on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; **No. 3**, whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; **No. 4**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 5**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 6**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 7**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 8**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 9**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; **No. 10**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 12**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the

occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 13**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 15**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 16**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 17**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which provided workers compensation benefits to Plaintiff and/or on her behalf as a result of the incident made the basis of this Complaint. **No. 20**, whether singular or plural, that individual, establishment, or entity who provided, sold, procured and/or made available any and/or all alcohol and/or any substances consumed by Defendant Pulliam in the 24 hours before the incident made the basis of this Complaint. Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained],

**Defendants.**

## COMPLAINT

## STATEMENT OF THE PARTIES

1.      Plaintiff CARLA LYNETTE BANKS ("Plaintiff" or "Plaintiff  BANKS") is a

resident of Guntersville,  (Marshall County), Alabama, and is over nineteen (19) years of

age.

2.      Defendant FREDDY AMADOR BERROA ("Defendant BERROA") is, upon information and belief, over the age of (19) years and is a resident of Houston (Winston County), Alabama.

3.      Defendant VSS TRANSPORTATION GROUP, INC. ("Defendant VSS TRANSPORTATION GROUP, INC.") is, upon information and belief, a foreign corporation with its principal place of business located in Carrollton, Texas, and was doing business within the State of Alabama on May 25, 2021.  Upon information and belief, Defendant BERROA was the agent, servant or employee of Defendant VSS TRANSPORTATION GROUP, INC. and was acting within the line and scope of his agency, service and/or employment at all times relevant hereto such that VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, reckless, wanton or otherwise wrongful conduct of the Defendant BERROA.

## STATEMENT OF FACTS

4.      On May 25, 2021, Plaintiff BANKS was traveling northbound in the left hand lane on Interstate 20/59 near Mile Post 115 in Bessemer, Jefferson County, Alabama.

5.      At that same date and time, Defendant BERROA was also traveling northbound in the right hand lane of Interstate 20/59 near Mile Post 115 in Bessemer, Jefferson County, Alabama.

6.      As Plaintiff BANKS lawfully proceeded down Interstate 20-59, Defendant BERROA entered into Plaintiff BANKS' lane of travel, causing his vehicle to collide with Plaintiff BANKS' vehicle.

7.     As a result of the crash, Plaintiff BANKS sustained physical injuries and damages, including, but not limited to, fractured ribs, head and facial pain, pain in the neck, arms, shoulders, thoracic spine, and lumbar spine, pain in the right knee and bruises and contusion to the body. Plaintiff BANKS was also forced to miss time off work, in addition to suffering inconvenience, medical costs and expenses, out-of-pocket costs, and mental anguish and emotional distress.

## COUNT ONE - NEGLIGENCE

8.     Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

9.     At all times relevant hereto, Defendant BERROA owed the motoring public, including the Plaintiff, certain duties of care, including:

a.     The duty to operate his vehicle in a safe manner;

b.     The duty to keep a proper lookout for other motorists;

c.     The duty to obey the Alabama Rules of the Road.

10.     On May 25, 2021, Defendant BERROA, negligently caused or allowed the motor vehicle he was operating to collide with the vehicle being operated by Plaintiff BANKS.

11.     As a proximate consequence of the negligence of the Defendant BERROA, Plaintiff BANKS was injured and damaged as follows:

a.      Fractured ribs, neck, arms, head and back pain, right knee pain, contusions to body, all requiring medical treatment and care;

b. Pain and suffering, which Plaintiff BANKS continues to experience and will experience in the future;

c. Medical bills, costs, and expenses, which Plaintiff BANKS has incurred and will continue to incur in the future;

d. Out-of-pocket medical costs and expenses;

e. Out-of-pocket, non-medical expenses;

f. Property damage and loss;

g. Lost wages and lost or diminished income;

h. Lost or diminished enjoyment of life; and,

i. Inconvenience, mental anguish, and emotional distress.

12. At all times relevant hereto, Defendant BERROA was the agent, servant, or employee of Defendant VSS TRANSPORTATION GROUP, INC., and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant BERROA.

13. The negligence of Defendant BERROA combined and concurred with the negligence or wrongful conduct of all other named and fictitious defendants, causing Plaintiff to be injured and damaged as a proximate result.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO – NEGLIGENCE *PER SE*

14.     At the time of the collision made the basis of this lawsuit, Defendant BERROA was operating his vehicle in violation of several of Alabama's Rules of the Road, including, without limitation, Alabama Code § 32-5A-88.

15.     Defendant BERROA's violation of the above listed Alabama statute mandates constitutes negligence *per se.*

16.     As a proximate consequence of the negligence *per se* of Defendant BERROA, Plaintiff was injured and damaged as set forth in paragraph 11 above and incorporated herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT THREE – WANTONNESS

17.     Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

18.     On May 25, 2021, Defendant BERROA, wantonly and/or recklessly caused or allowed the motor vehicle he was operating to collide with the motor vehicle being operated by Plaintiff BANKS when he unlawfully failed to keep a proper lookout, unlawfully failed to maintain control of his vehicle and unlawfully failed to maintain his lane of travel, causing a collision with Plaintiff BANKS.

19.     As a proximate consequence of the wantonness of Defendant BERROA, Plaintiff was injured and damaged as set forth in paragraph 11 above and incorporated herein.

20.     At all times relevant hereto, Defendant BERROA was the agent, servant, or employee of Defendant VSS TRANSPORTATION GROUP, INC., and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant BERROA.

21.     Plaintiff demands punitive damages of the Defendants, jointly and severally, as a result of their respective wanton conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT FOUR - RESPONDEAT SUPERIOR AND AGENCY

22.     Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

23.     Plaintiff avers and alleges that Defendant BERROA was the agent, servant or employee of Defendant VSS TRANSPORTATION GROUP, INC. and was acting within the line and scope of such agency, service or employment at the time of the accident on May 25, 2021, and consequently, Defendant VSS TRANSPORTATION

GROUP, INC., is liable for any negligent and/or wanton acts committed by Defendant BERROA while he was acting within the line and scope of his employment.

24.     Defendant BERROA negligently and/or wantonly caused or allowed the motor vehicle he was operating on the occasion made the basis of this lawsuit to collide with Plaintiff's vehicle.

25.     As a proximate consequence of the negligence, recklessness, and/or wantonness of Defendant BERROA, by and through the theories of *respondeat superior* and agency, Plaintiff was injured and damaged as described in paragraph 11 above and incorporated herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT

26.     Plaintiff adopts and re-alleges all prior paragraphs of this Complaint, as if set forth fully herein.

27.     On May 5, 2021, in Bessemer, Jefferson County, Alabama, Defendant BERROA negligently, recklessly and/or wantonly failed to maintain control of his vehicle, failed to keep a proper lookout on the roadway, failed to maintain his vehicle in a single lane of travel without first ascertaining that any movement can be made with safety, thereby causing or allowing the vehicle he was operating to violently crash into

the vehicle being operated by Plaintiff, BANKS, resulting in the injuries and damages to CARLA LYNETTE BANKS.

28.     Upon information and belief, Defendant VSS TRANSPORTATION GROUP, INC. was the registered owner of the 2020 Volvo Tractor Trailer truck involved in the collision with Plaintiff.

29.     Additionally, or in the alternative, Defendant BERROA was operating the 2020 Volvo Tractor Trailer truck at the time of this collision while in the agency, service, or employment of and/or at the direction or under the control of Defendant VSS TRANSPORTATION GROUP, INC..

30.     Upon information and belief, Defendant VSS TRANSPORTATION GROUP, INC. negligently and/or wantonly entrusted the use of the 2020 Volvo Tractor Trailer truck to Defendant BERROA on the date made the basis of this lawsuit.

31.     Defendant VSS TRANSPORTATION GROUP, INC. knew, or by the exercise of reasonable care should have known, that Defendant BERROA was incompetent to operate the 2020 Volvo Tractor Trailer truck; and/or that Defendant BERROA had a history of violating the Rules of the Road; and/or that Defendant BERROA operated the 2020 Volvo Tractor Trailer truck in an unsafe manner; and/or, based upon his driving history, was likely to operate said vehicle in a manner involving risk of harm to others.

32.     As a direct and proximate result of Defendant VSS TRANSPORTATION GROUP, INC.'s negligent and/or wanton entrustment of the 2020 Volvo Tractor Trailer

truck to Defendant BERROA, Plaintiff, CARLA LYNETTE BANKS, was caused to be injured and damaged.

33.    At all times relevant hereto, Defendant BERROA was an agent, servant and/or employee of Defendant VSS TRANSPORTATION GROUP, INC. and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant VSS TRANSPORTATION GROUP, INC. is vicariously liable for the negligent, wanton, and/or reckless conduct of Defendant BERROA.

34.    The negligence, wantonness, and/or recklessness of Defendant VSS TRANSPORTATION GROUP, INC. combined and concurred with the negligence, wantonness, and/or recklessness of all other named and/or Fictitious Defendant(s), causing Plaintiff, BANKS, to sustain injuries and damages as a proximate result.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff CARLA LYNETTE BANKS, demands judgment against the named and Fictitious Defendants, jointly and severally, for damages in an amount to be determined by a struck jury, plus interest and costs.

## COUNT SIX – FICTITIOUS DEFENDANTS

35.    Plaintiff BANKS adopts and re-alleges every material averment in Counts One through Five of this Complaint as if fully set out herein, except that Plaintiff Banks substitutes the words "Fictitious Defendant(s) 1 - 20" for the named Defendant in Counts One through Five.

36.     Plaintiff BANKS avers that the negligent, reckless, wanton, or otherwise wrongful conduct of Fictitious Defendant(s) 1 - 20 combined and concurred with the negligent, reckless, wanton, or otherwise wrongful conduct of the named Defendant to proximately cause Plaintiff BANKS's injuries and damages, as set forth and described in Counts One through Five, above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff BANKS demands  judgment against Defendant BERROA, VSS TRANSPORTATION GROUP, INC. and/or Fictitious Defendant(s), for general and compensatory damages as well as special and punitive damages as the court may determine, together with interest from the date of the injury plus the costs of this action.

## JURY DEMAND

## PLAINTIFF DEMANDS A STRUCK JURY FOR ALL ISSUES IN THIS CASE

Respectfully submitted,

*/s/ Erby J. Fischer*
ERBY J. FISCHER
Attorney for Plaintiff

**OF COUNSEL:**
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North
Birmingham, AL 35203
P: (659) 204-6364
F: (659) 204-6389
efischer@forthepeople.com

Plaintiff's Address:
c/o Morgan & Morgan Birmingham, PLLC
2317 3rd Avenue North
Birmingham, AL 35203
P: (659) 204-6364
F: (659) 204-6389
efischer@forthepeople.com

**Please serve the following by certified mail:**

FREDDY AMADOR BERROA
200 WEST SAN SEBASTIAN CT APT 211
HOUSTON, AL 35572

VSS TRANSPORTATION GROUP, INC.
REG AGNT: NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006



ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | |
|---|---|
| **CARLA LYNETTE BANKS, an individual,** )<br><br>**Plaintiff,** )<br><br>**VS.** )<br><br>**FREDDY AMADOR BERROA, an** )<br>**individual; VSS TRANSPORTATION** )<br>**GROUP, INC.** ) | <br><br><br><br>**CIVIL ACTION NUMBER:** |

### PLAINTIFF'S CONSOLIDATED DISCOVERY REQUESTS
### TO DEFENDANT FREDDY AMADOR BERROA

**COMES NOW** the Plaintiff in the above-styled cause and requests that FREDDY

AMADOR BERROA answer the following Interrogatories and Requests for Production

within the time limits provided by the Alabama Rules of Civil Procedure.

### DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these

Interrogatories and Requests for Production:

1. "You" or "Your" as used herein shall mean this defendant; the defendant's

representatives; and all persons acting on behalf of this defendant.

2. "Document(s)" and "record(s)" as used herein are used in the broadest

possible sense and shall include includes any written, printed, recorded, graphic,

electronic, and computerized matter or sound reproductions, however produced or

reproduced, of any kind, including, but not limited to, the original or any copy of

correspondence, letters, interoffice memoranda, interoffice directives, telephone

conference memoranda, records memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access and/or which are in the possession, care, custody, or control of the responding party or entity. This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of electronic or other computerized data.  Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

4.      "Person" as used herein means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

5.      Requests to "identify a person" or equivalent language means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

6.      Requests to "identify a document" or equivalent language means to state with respect thereto:

- a) The identity of the person who prepared it;
- b) The identity of the person who signed it or over whose signature or direction it was issued;
- c) The identity of each person to whom it was addressed or distributed;
- d) The nature or substance of the document with sufficient particularity to enable it to be identified;
- e) Its date and, if it bears no date, the date when it was prepared; and
- f) The physical location of it and the names of its custodian or custodians.

7.      "Relate to", "relating to", "pertain to", "pertaining to", "regarding" or "evidence" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

8.      "Or" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## INSTRUCTIONS

These interrogatories shall be deemed continuing so as to require supplemental responses upon receipt of additional information by you or your attorney subsequent to your original response.  Any such supplemental responses are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

With respect to documents and things produced in response to the requests for production set forth herein, said items should be organized and labeled to correspond with the categories in the requests. If you possess no documents responsive to a paragraph of a request, please state this fact and specify the paragraph concerned in your response. If you object to producing any document in your possession, custody, or control based upon any claim of privilege or immunity, please specifically state the following (i.e., create and provide a privilege log identifying the following information):

a. The precise privilege or immunity claimed and the factual and/or legal basis for asserting the privilege as to each such document or category of documents;

b. The date of the document(s)' creation or receipt, its type/format (e.g., correspondence, memorandum, email, etc.), and the name of each author, sender, addressee and/or recipient;

c. A description of the content of the document(s) to sufficiently enable the Court to rule on the propriety of the privilege or immunity you are asserting;

d. The location of the document(s); and

e. The custodian of the documents.

**INTERROGATORIES TO DEFENDANT FREDDY AMADOR BERROA**

1. State your full correct name, residence address, business address, date of birth, social security number and driver's license number.

2. Provide a list of all valid driver's licenses held by you at the time of the incident, including in your response the state in which each license was issued and the license number.

3.      Please give the name and address of each employer you have had since you last attended school, your job title and job duties for each job listed, the reason(s) you left each listed employment.

4.      State the name and principal address of each insurer, of any type whatsoever, which insured this Defendant against risks or losses claimed in this lawsuit and for each such policy of insurance, please state the name of the insurance company, the name of all insured, the names of all additional insureds, and the policy limits.

5.      Were there any passengers in your vehicle at the time of the accident? If, so please state their names and addresses and the purpose of their presence in the vehicle.

6.      At the time of the accident made the basis of this lawsuit, were you acting within the line and scope of your employment with an employer? If your answer is yes, please identify the name and business address of the employer.

7.      At the time of the accident made the basis of this lawsuit, were you performing a mission or a task for someone else? If your answer is yes, please identify the name and address of the entity or individual.

8.      With respect to the vehicle you were driving when this collision occurred, identify the owner of the vehicle, where the vehicle was regularly kept or located when not in use, who gave you permission to operate the vehicle and/or requested that you operate the vehicle on the date of the accident in this case, whether you had ever driven the vehicle prior to the date of this accident, and how often (estimated) you drove the vehicle on a weekly basis.

9. Have you ever had a driver's license suspended, canceled or revoked? If so, please list the State of each such suspension, cancellation, or revocation; the date of each such action; and the reason(s) for each such action.

10. If you have ever received a ticket for a traffic violation, for each such violation please list the State in which such ticket was received; the date of the ticket; the reason for the citation; and, the penalty imposed.

11. Please state whether you have been involved in any other collisions involving a motor vehicle in the ten (10) years preceding the date of the collision made the basis of this suit. If your answer is yes, please state the date and location of each such accident and the cause of each such accident.

12. In the twenty-four-hour period prior to the accident made the basis of this lawsuit, had you consumed any alcohol? If yes, state when and how much was consumed.

13. In the twenty-four-hour period prior to the accident made the basis of this lawsuit, had you used any legal or illegal drugs, including but not limited to, any medications (either prescribed or over the counter)? If yes, state the name of the drug, when it was taken, and how much was taken.

14. Please describe with particularity and in detail everything you did in the 24-hour period preceding the collision made the basis of this case.

15. What was the purpose of the trip you were making at the time of the collision made the basis of this case?

16.     State in detail in your own words how the collision made the basis of this action occurred.

17.     Did you observe the Plaintiff at any time prior to the impact made the basis of this lawsuit?  If so, describe each and every action taken by you from the point at which you first observed the Plaintiff until the point of impact.

18.     List with specificity your hours of service for the seven (7) days prior to _and including April 1, 2021_, including in your response the number of miles driven each day, the starting and stopping destination for each trip listed, and where this information is kept or located.

19.     Please provide your cell phone number and carrier at the time of the accident made the basis of this case.

20.     State whether or not you were either using your cell phone immediately before, during, or after the accident.  If you were using your cell phone, please state the names and telephone numbers of those to whom you were communicating at the times referred to above.

21.     If you contend that you were _not_ using a phone at the time of the wreck, then please identify that first call you made or received _after_ the wreck occurred, including in your answer the name and number of the person with whom you spoke and a description of the conversation.

22.     If you contend that you were _not_ using a phone at the time of the wreck, then please identify that first text message you sent or received _after_ the wreck occurred,

including in your answer the name and number of the sender/recipient and the substance of the message.

23.     If you wear glasses or prescription lenses and/or have been diagnosed with any vision impairment, please identify the name and address of your eye doctor(s).

24.     If you are aware of any eyewitnesses to the accident, please state for each such witness their name and address, and the nature of each and every conversation you had with each such witness.

25.     Have you ever been named as a party in a lawsuit?  If so, for each such lawsuit, please state the court, the date such action was commenced, and the style of said lawsuit.

26.     Have you ever been convicted of a crime?  If so, for each such instance, please state the nature of the offense with which you were charged; the location and court in which the proceedings occurred; and the disposition of said case.

27.     Please state the name, address, and telephone number of every person whom you or someone on your behalf has interviewed and/or taken a statement regarding the collision made the basis of this case, along with the date of each interview or statement, the identity of the person(s) conducting each interview or taking each statement, and whether the interview or statement was recorded or transcribed.

28.     Please state the name, address, and telephone number of every person to whom you or someone on your behalf has provided an interview and/or made a statement regarding the collision made the basis of this case, along with the date of each

interview or statement, the identity of the person(s) conducting each interview or taking each statement, and whether each interview or statement was recorded or transcribed.

29.    Please state whether or not you expect to call any expert witnesses in the defense of this case and, if so, please state the name and address of each such expert witness, the qualifications of each such expert witness, the opinions expected to be elicited from each such expert witness, and the facts upon which each expert witness will reply in forming his or her opinions.

30.    Do you or anyone acting on your behalf known of any photographs, films, or videotapes depicting any place, object, or individual involved in the collision made the basis of this case?  If so, please provide the date the photographs, film, or videotapes were taken, a brief description of the places, objects, or persons photographed, filmed, or videotaped, and the identity of the person(s) who took or created the photographs, films, or videotapes.

31.    Please provide the name, address, telephone number, employer, and employment title of any and all persons who performed any investigation into the collision made the basis of this case.

32.    Please provide the name, address, telephone number, employer, and employment title of any and all persons who performed any inspections of the accident scene, and/or motor vehicles involved in the collision made the basis of this case and the date of each such inspection.

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

1.      Produce any photographs taken by this Defendant, or in the possession of this Defendant, relating in any way to the accident made the basis of Plaintiff's complaint.

2.      Produce all videos, drawings and/or diagrams taken or made of the scene of the accident, the vehicles involved, and the parties involved in the accident made the basis of this lawsuit.

3.      Produce a copy of each and every document in this Defendant's possession which evidences the ownership of the motor vehicle you were operating at the time of the collision made the basis of this lawsuit.

4.      Produce a copy of each and every license this Defendant possesses for operation of a motor vehicle.

5.      Produce copies of all incident investigations, reports, memoranda, and correspondence which relates to the accident made the basis of this lawsuit.

6.      Produce copies of your cell phone bill(s) for the month of May 2021.  This request applies to each cell phone you owned or were provided at the time of the collision made the basis of this lawsuit.

7.      Produce each and every policy of insurance that might afford this Defendant any coverage with regard to the accident made the basis of Plaintiff's complaint.  This should include all primary and excess insurance policies and should include all portions of the policy including but not limited to the declarations page(s).

8.      Produce true, correct, and complete copies of any and all reports of any expert(s) retained by you and/or that you expect to call at the trial of this matter.

9.      Produce true, correct, and complete copies of all statements made by anyone who has any knowledge whatsoever regarding the facts and circumstances surrounding the accident made the basis of this action, including the name of the individual and their last known address.

10.     Produce true, correct, and complete copies of any and all documents related to any investigation and/or inspection of the incident made the basis of this litigation.

11.     Produce each and every document pertaining to damage sustained by the vehicles involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

12.     Produce all reservation of rights letters pertaining to some or all of the claims made against you in the subject litigation.

13.     Produce all coverage denial letters pertaining to some or all of the claims made against you in the subject litigation.

14.     Produce all of any of the Plaintiff's medical records obtained pursuant to subpoena or otherwise.

15.     Produce all call records for any cellular telephone or push-to-talk device(s) owned and/or utilized by you on May 25, 2021, including, but not limited to, records reflecting calls placed by you and records reflecting calls received or missed by you on said date.

16.     All messaging records for all cellular telephone or push-to-talk device(s) owned and/or utilized by you on May 25, 2021, including, but not limited to, records reflecting text and/or SMS messages sent by you, and records reflecting text and/or SMS messages received by you or sent to your device on said date.

17.     Produce a clear and legible copy of both sides of your driver's license.

Respectfully submitted,


*/s/ Erby Fischer*
Erby Fischer (FIS010)


**OF COUNSEL:**
**Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Phone: (659) 204-6364
Facsimile: (659) 204-6389
Email:  *efischer@forthepeople.com*


**PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL TO THE FOLLOWING:**


FREDDY AMADOR BERROA
200 WEST SAN SEBASTIAN CT APT 211
HOUSTON, AL 35572

VSS TRANSPORTATION GROUP, INC.
REG AGNT: NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006



ELECTRONICALLY FILED
12/1/2021 10:37 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | |
|---|---|
| **CARLA LYNETTE BANKS, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **VS.** | )   **CIVIL ACTION NUMBER:** |
| | ) |
| **FREDDY AMADOR BERROA, an** | ) |
| **individual; VSS TRANSPORTATION** | ) |
| **GROUP, INC.** | ) |

**PLAINTIFF'S CONSOLIDATED DISCOVERY REQUESTS
TO DEFENDANT, VSS TRANSPORTATION GROUP, INC.**

**COMES NOW** the Plaintiff in the above-styled cause and requests that Defendant **VSS**

**TRANSPORTATION GROUP, INC.** answer the following Interrogatories and Requests for

Production within the time limits provided by the ALABAMA RULES OF CIVIL PROCEDURE.

**DEFINITIIONS**

Unless otherwise indicated, the following definitions shall be applicable to these

Interrogatories and Requests for Production:

1.      "You" or "Your" as used herein shall mean this defendant; the defendant's

representatives; and all persons acting on behalf of this defendant.

2.      "Document(s)" and "record(s)" as used herein are used in the broadest

possible sense and shall include includes any written, printed, recorded, graphic,

electronic, and computerized matter or sound reproductions, however produced or

reproduced, of any kind, including, but not limited to, the original or any copy of

correspondence, letters, interoffice memoranda, interoffice directives, telephone

conference memoranda, records memoranda, data, notes, printouts, communications,

messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access and/or which are in the possession, care, custody, or control of the responding party or entity. This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of electronic or other computerized data.  Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

4.      "Person" as used herein means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

5.      Requests to "identify a person" or equivalent language means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

6.      Requests to "identify a document" or equivalent language means to state with respect thereto:

a)      The identity of the person who prepared it;

b)      The identity of the person who signed it or over whose signature or direction it was issued;

c)      The identity of each person to whom it was addressed or distributed;

d)      The nature or substance of the document with sufficient particularity to enable it to be identified;

e)      Its date and, if it bears no date, the date when it was prepared; and

f)      The physical location of it and the names of its custodian or custodians.

7.      "Relate to", "relating to", "pertain to", "pertaining to", "regarding" or "evidence" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

8.      "Or" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## <u>INSTRUCTIONS</u>

These interrogatories shall be deemed continuing so as to require supplemental responses upon receipt of additional information by you or your attorney subsequent to your original response.  Any such supplemental responses are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

With respect to documents and things produced in response to the requests for production set forth herein, said items should be organized and labeled to correspond with the categories in the requests.  If you possess no documents responsive to a paragraph of a request, please state this fact and specify the paragraph concerned in your response.  If you object to producing any document in your possession, custody, or control based upon any claim of privilege or immunity, please <u>specifically</u> state the following (i.e., create and provide a privilege log identifying the following information):

a) The precise privilege or immunity claimed and the factual and/or legal basis for asserting the privilege as to each such document or category of documents;

b) The date of the document(s)' creation or receipt, its type/format (e.g., correspondence, memorandum, email, etc.), and the name of each author, sender, addressee and/or recipient;

c) A description of the content of the document(s) to sufficiently enable the Court to rule on the propriety of the privilege or immunity you are asserting;

d) The location of the document(s); and

e) The custodian of the documents.

DOCUMENT 18

## INTERROGATORIES TO DEFENDANT VSS TRANSPORTATION GROUP, INC.

1.      Identify all persons answering and/or supplying information used in answering these Interrogatories.

2.      If you contend the Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

3.      State the name, address, and business telephone number of each person with knowledge regarding the facts and circumstances of the motor vehicle accident described in the Complaint.

4.      With respect to the  2020 Volvo Tractor Trailer involved in the motor vehicle collision described in the Complaint, please provide the following information:

a.      By whom the vehicle was owned at the time of the collision;

b.      To whom, if anyone, the vehicle was leased at the time of the incident;

c.      The license and registration number(s) of the vehicle;

d.      Every policy of insurance providing coverage of any kind for the vehicle and/or any person(s) driving the vehicle on the date of this collision.

5.      State the name and principal address of each insurer, of any type whatsoever, which insured this Defendant against risks or losses claimed in this lawsuit and, for each such policy of insurance, please state the name of the insurance company, the name of the insured, the names of all additional insureds, and the policy limits.

6.      Is this defendant a common carrier or contract carrier within the meaning of the regulations of the Interstate Commerce Commission?

7.      Was Defendant FREDDY AMADOR BERROA, an employee of this Defendant on the date of the collision made the basis of this lawsuit? If not, please state in specific detail the nature of this defendant's business relationship with Defendant BERROA.  If yes, please identify the date his employment began, his job duties/description, and whether he is still an employee of this Defendant.

8.      If Defendant BERROA was your employee on May 25, 2021, was he acting within the line and scope of his employment at the time of the motor vehicle accident made the basis of this lawsuit?

9.      Prior May 25, 2021, had this Defendant experienced any problems and/or issues with Defendant BERROA relating in any way to his job performance or his ability to perform his job duties?  If so, describe each issue and/or incident.

10.    Does this Defendant maintain a driver qualification file on Defendant BERROA?  If so, please identify where the file is kept or maintained and please produce a complete copy of the entire file.

11.    Did this Defendant perform any investigations into Defendant BERROA's driver history/record before his employment with this Defendant commenced?  If so, please state what investigations were performed, what any such investigation revealed about Defendant BERROA' driving history, and where that information is kept or can be located.

12.      Did      this      Defendant      perform      any      investigations      into Defendant BERROA's driver history/record <u>after</u> his employment with this Defendant commenced?  If so, please state how often such investigation(s) took place, the nature of each investigation, the results of any such investigation, and where that information is kept or can be located.

13.      Was Defendant BERROA ever involved in any motor vehicle accidents or incidents in the line and scope of his employment with this Defendant prior to the collision made the basis of this lawsuit?  If so, please identify the date of each such incident and describe the circumstances surrounding each such incident in detail.

14.      Please state whether Defendant BERROA was disciplined, reprimanded, or penalized by this Defendant following each such accident or incident described above, if any.

15.      Did      this      Defendant      ever      have      occasion      to      discipline Defendant BERROA during his employment with this Defendant?  If so, please describe in detail each such instance including:

a.      The date of each such disciplinary action;

b.      The reason for each disciplinary action;

c.      The manner or method of discipline (i.e., verbal or written warning, etc.); and

d.      Whether there is a written record of any such disciplinary action(s) and, if so, where those records are kept or maintained.

16.     Did Defendant BERROA in any manner fail to comply with any company rule or regulation on the date of the collision made the basis of this case?  If so, please identify each rule or regulation violated and the manner in which it was violated.

17.     Describe in detail any statements made by Defendant BERROA (whether verbal or written) to any agent, servant, employee, owner, or representative of this Defendant (excluding this Defendant's legal counsel) regarding the collision made the basis of this lawsuit.

18.     Identify by name and address every person or company who or which performed any type of maintenance or repair work on the vehicle involved in this collision within the six (6) months prior to the collision and, for each such occasion, please state the date and the describe the work or maintenance performed on said vehicle.

19.     Has this Defendant ever been named as a party in any other lawsuits besides this case? If so, please state for each such matter:

a.     The date and location of the incident giving rise to the claim;

b.     The date the litigation was filed;

c.     The court, case style, and case number of the litigation;

d.     The disposition of the case; and

e.     A brief description of the facts involved.

20.     State the name and address of each person from whom a statement has been obtained by this Defendant or on behalf of this Defendant.

21.     State the full name and address, giving the street, street numbers, city and state, of every witness known to you, or to your attorney, who has any

knowledge regarding the facts and circumstances surrounding the collision made the basis of this lawsuit, including but not limited to eyewitnesses to such event.

22.    State the name and address of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) are expected to testify.

23.    State the substance of the facts, opinions, and conclusions to which every expert is expected to testify in this case.

## REQUESTS FOR PRODUCTION

1.    For each person, entity and vehicle involved in the subject crash or named in this lawsuit, provide a complete and certified copy of the declarations pages, policy forms, endorsements, amendments and other documents for any insurance policies that you (or any other Defendant, to your knowledge) had in force and effect at the time of the subject crash, whether or not you contend the policy covers or may provide coverage for the damages sought in the Complaint, including for any automobile, business auto, commercial general liability, business liability, personal negligence liability, umbrella or excess coverage policies.  This should include all primary and excess insurance policies and should include all portions of the policy including but not limited to the declaration page(s).

2.    Produce a full and complete copy of Defendant BERROA' entire employee personnel file with this Defendant.

3.    Produce a full and complete copy of this Defendant's driver qualification records/file, including any driving abstract, records, or history, for Defendant BERROA.

4.      Produce any photographs taken by this Defendant, or in the possession of this Defendant, relating in any way to the collision made the basis of this lawsuit.

5.      Produce all videos, drawings and/or diagrams taken or made of the scene of the collision, the vehicles involved, and/or the parties involved in the collision made the basis of this lawsuit.

6.      Produce copies of any and all accident investigations, reports, memorandum, correspondence, etc., in this Defendant's possession, custody, or control that in any way relate to the collision made the basis of this lawsuit.

7.      Produce a copy of the bill of sale, registrations documents, title, and all other documents in Petitioner's possession which provides evidence of ownership of the 2020 Volvo Tractor Trailer involved in the collision made the basis of this lawsuit.

8.      Produce any and all documents which Defendant has obtained from any third party with respect to the collision made the basis of this lawsuit.

9.      Produce copies of each and every page of Defendant BERROA's "driver logs" for the seven (7) days prior to and inclusive of the date of the collision made the basis of this complaint.

10.     Produce copies of any and all resumes' or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

11.     Please produce copies of any and all documents consulted, described, referenced, or otherwise used by this Defendant in any manner in formulating your responses to Plaintiff's First Interrogatories, above.

12.     Please produce all records documenting any repairs made to the 2020 Volvo tractor-trailer as a result of the collision made the basis of this case.

13.     Please produce all materials received pursuant to subpoena in this matter.

Respectfully submitted,

*/s/ Erby Fischer*
Erby Fischer (FIS010)

**OF COUNSEL:**
**Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Phone: (659) 204-6364
Facsimile: (659) 204-6389
Email: *efischer@forthepeople.com*

**PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL TO THE FOLLOWING:**

FREDDY AMADOR BERROA
200 WEST SAN SEBASTIAN CT APT 211
HOUSTON, AL 35572

VSS TRANSPORTATION GROUP, INC.
REG AGNT: NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006



AlaFile E-Notice

68-CV-2021-900609.00

To:  ERBY JOHNSON FISCHER MR.
     efischer@forthepeople.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following alias summons was FILED on 4/25/2022 9:49:23 AM

Notice Date:     4/25/2022 9:49:23 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

To:   VSS TRANSPORTATION GROUP, INC.
      C/O NATASHA SUSIC
      1325 WEST BELT LINE ROAD
      CARROLLTON, TX, 75006

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following alias summons was FILED on 4/25/2022 9:49:23 AM

Notice Date:     4/25/2022 9:49:23 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

To:  BERROA FREDDY AMADOR (PRO SE)
     200 WEST SAN SEBASTIAN CT
     APT 211
     ALTAMONTE SPRI, FL, 32714-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following alias summons was FILED on 4/25/2022 9:49:23 AM

Notice Date:    4/25/2022 9:49:23 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

| State of Alabama | **SUMMONS** | **Court Case Number** |
|---|---|---|
| Unified Judicial System | | 68-CV-2021-900609.00 |
| Form C-34  Rev. 4/2017 | **- CIVIL -** | |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL

**NOTICE TO:** VSS TRANSPORTATION GROUP, INC., C/O NATASHA SUSIC 1325 WEST BELT LINE ROAD, CARROLLTON, TX 75006

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ERBY JOHNSON FISCHER MR.
,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Ave North, BIRMINGHAM, AL 35203 .
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.   *(Name(s))*

| 04/25/2022 | /s/ KAREN DUNN BURKS | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)* *(Name of County)*

Alabama on _____ .
*(Date)*

_____                          _____
*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

_____
*(Server's Printed Name)*    *(Phone Number of Server)*

ELECTRONICALLY FILED
5/3/2022 12:35 PM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Co<br>68 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL

**NOTICE TO:** VSS TRANSPORTATION GROUP, INC., C/O NATASHA SUSIC 1325 WEST BELT LINE ROAD, CARROLLTON, TX 75006

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ERBY JOHNSON FISCHER MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Ave North, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request of _____ pursuant to the Alabama Rules of the Civil Procedure.                                        *[Name(s)]*

| 04/25/2022 | /s/ KAREN DUNN BURKS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

[ ] Return receipt of certified mail received in this office on _____

*(Date)*

[✓] I certify that I personally delivered a copy of this Summons and Complaint or other document to VSS Transportation Group, Inc

c/o Auth. Agent - Mark Pettway in Dallas County,

*(Name of Person Served)*                          *(Name of County)*

Texas ~~Alabama~~ on 4-25-2022.

*(Date)*

Texas Certified Process Server                    *Stephen C Buskirk* PSC1987 Exp.4-30-24    330 Blue Ribbon Rd.

*(Type of Process Server)*                          *(Server's Signature)*                          *(Address of Server)*

Stephen C Buskirk                    Waxahachie, Tx. 75165

*(Server's Printed Name)*                          214-399-7293

*(Phone Number of Server)*

**PREFERRED PROCESS SERVICE**
330 Blue Ribbon Rd
Waxahachie, TX 75165
Phone: (214) 399-7293
Fax: (972) 937-4883



**INVOICE**

Invoice #SCB-2022000439
5/3/2022



PROCESS DELIVERY SERVICE LLC
8711-C Us Hwy 31
Kimberly, AL 35091

VSS TRANSPORTATION GROUP INC 1325 WEST BELT LINE RD CARROLLTON TX

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|-----------|----------|-------|--------|
| Service Fee (Local) | 1.00 | 65.00 | 65.00 |
| Rush Fee | 1.00 | 20.00 | 20.00 |
| TOTAL CHARGED: | | | $85.00 |

**BALANCE DUE:** $85.00

Please enclose a copy of this invoice with your payment.

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



AlaFile E-Notice

68-CV-2021-900609.00

To:  ERBY JOHNSON FISCHER MR.
     efischer@forthepeople.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following RETURN ON SERVICE - SERVED was FILED on 5/3/2022 12:35:29 PM

Notice Date:     5/3/2022 12:35:29 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

To:   BERROA FREDDY AMADOR (PRO SE)
      200 WEST SAN SEBASTIAN CT
      APT 211
      ALTAMONTE SPRI, FL, 32714-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following RETURN ON SERVICE - SERVED was FILED on 5/3/2022 12:35:29 PM

Notice Date:     5/3/2022 12:35:29 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

To:  VSS TRANSPORTATION GROUP, INC. (PRO SE)
C/O NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX, 75006-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following RETURN ON SERVICE - SERVED was FILED on 5/3/2022 12:35:29 PM

Notice Date:      5/3/2022 12:35:29 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

To:  ERBY JOHNSON FISCHER MR.
     efischer@forthepeople.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following RETURN ON SERVICE - SERVED was FILED on 5/3/2022 12:35:29 PM

Notice Date:     5/3/2022 12:35:29 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

ELECTRONICALLY FILED
5/4/2022 9:56 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**STATE OF ALABAMA**     Revised 3/5/08     Cas

Unified Judicial System

68-JEFFERSON     ☐ District Court   ☑ Circuit Court     CV2

| CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL | **CIVIL MOTION COVER SHEET** |
|---|---|
| | *Name of Filing Party:* C001 - BANKS CARLA LYNETTE |

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.* | ☐ Oral Arguments Requested |
|---|---|
| ERBY JOHNSON FISCHER MR. | |
| 2317 3rd Ave North | |
| BIRMINGHAM, AL 35203 | |
| *Attorney Bar No.:* FIS010 | |

**TYPE OF MOTION**

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $   0 | ☐ Pendente Lite |
| | ☑ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br>5/4/2022 9:53:43 AM | Signature of Attorney or Party<br>/s/ ERBY JOHNSON FISCHER MR. |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.


ELECTRONICALLY FILED
5/4/2022 9:56 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | | |
|---|---|---|
| **CARLA LYNETTE BANKS,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **VS.** | **)** | **CIVIL ACTION NUMBER:** |
| | **)** | |
| **FREDDY AMADOR BERROA, an** | **)** | CV-2021-900609.00 |
| **individual; VSS TRANSPORTATION** | **)** | |
| **GROUP, INC.** | **)** | |

### PLAINTIFF'S VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF DEFENDANT FREDDY AMADOR BERROA

**COMES NOW** the Plaintiff, by and through her undersigned counsel of record, and pursuant to Rule 41(a) of the ALABAMA RULES OF CIVIL PROCEDURE. hereby dismisses ***without prejudice*** Freddy Amador Berroa as a party defendant as the Plaintiff has been unable to perfect service of the Summons and Complaint on Berroa.  Upon information and belief, Berroa is currently living in Puerto Rico.

Defendant, VSS Transportation Group, Inc., was served with the Summons and Complaint on April 25, 2022, and Plaintiff will proceed with her claims against Defendant VSS Transportation Group, Inc. and reserves the right to amend her Complaint to add party defendants as allowed under Rule 15 of the ALABAMA RULES OF CIVIL PROCEDURE.

Respectfully submitted,

*/s/ Erby Fischer*
Erby Fischer (FIS010)
Attorney for the Plaintiff,
Carla Lynette Banks

**OF COUNSEL:**
**Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Phone: (659) 204-6364
Facsimile: (659) 204-6389
Email: *efischer@forthepeople.com*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 4TH  day of May, 2022, served a copy of the foregoing upon all counsel of record, by using ALAFILE, the CM/ECF system, facsimile, hand delivery, and/or by placing a copy of the same in the United States mail, first class postage prepaid to the following:


VSS TRANSPORTATION GROUP, INC.
ATTN: NATASHA SUSIC/MARK PETTWAY
1325 WEST BELT LINE ROAD
CARROLLTON, TX 75006

FREDDY BERROA
200 WEST SAN SEBASTIAN COURT
APARTMENT 211
ALTAMONTE SPRINGS, FL 32714


/s/Erby J. Fischer
OF COUNSEL



AlaFile E-Notice

68-CV-2021-900609.00

Judge: DAVID J HOBDY

To:   ERBY JOHNSON FISCHER MR.
      efischer@forthepeople.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following matter was FILED on 5/4/2022 9:56:29 AM

C001 BANKS CARLA LYNETTE

PLAINTIFF'S MOTION TO DISMISS

[Filer: FISCHER ERBY JOHNSON II]

Notice Date:      5/4/2022 9:56:29 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

Judge: DAVID J HOBDY

To:  BERROA FREDDY AMADOR (PRO SE)
200 WEST SAN SEBASTIAN CT
APT 211
ALTAMONTE SPRI, FL, 32714-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following matter was FILED on 5/4/2022 9:56:29 AM

C001 BANKS CARLA LYNETTE

PLAINTIFF'S MOTION TO DISMISS

[Filer: FISCHER ERBY JOHNSON II]

Notice Date:     5/4/2022 9:56:29 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

Judge: DAVID J HOBDY

To:  VSS TRANSPORTATION GROUP, INC. (PRO SE)
C/O NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX, 75006-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following matter was FILED on 5/4/2022 9:56:29 AM

C001 BANKS CARLA LYNETTE

PLAINTIFF'S MOTION TO DISMISS

[Filer: FISCHER ERBY JOHNSON II]

Notice Date:     5/4/2022 9:56:29 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

DOCUMENT 26



ELECTRONICALLY FILED
5/5/2022 9:24 AM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| BANKS CARLA LYNETTE,<br>Plaintiff, | )<br>)<br>) |
| V. | ) Case No.:   CV-2021-900609.00 |
| | ) |
| BERROA FREDDY AMADOR,<br>VSS TRANSPORTATION GROUP, INC.,<br>Defendants. | )<br>)<br>) |

## ORDER

PLAINTIFF'S MOTION TO DISMISS **Defendant FREDDY AMADOR BERROA** without prejudice is hereby GRANTED. Costs taxed as paid.

Case will remain pending as to remaining Defendant.


**DONE this 5th day of May, 2022.**

**/s/ DAVID J HOBDY**
**SENIOR CIRCUIT JUDGE**



AlaFile E-Notice

68-CV-2021-900609.00

Judge: DAVID J HOBDY

To:   FISCHER ERBY JOHNSON II
      efischer@forthepeople.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

A court action was entered in the above case on 5/5/2022 9:24:07 AM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            DJH

Notice Date:      5/5/2022 9:24:07 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



**AlaFile E-Notice**

68-CV-2021-900609.00

Judge: DAVID J HOBDY

To:  BERROA FREDDY AMADOR (PRO SE)
200 WEST SAN SEBASTIAN CT
APT 211
ALTAMONTE SPRI, FL, 32714-0000

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

A court action was entered in the above case on 5/5/2022 9:24:07 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           DJH

Notice Date:     5/5/2022 9:24:07 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900609.00

Judge: DAVID J HOBDY

To:  VSS TRANSPORTATION GROUP, INC. (PRO SE)
C/O NATASHA SUSIC
1325 WEST BELT LINE ROAD
CARROLLTON, TX, 75006-0000

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

A court action was entered in the above case on 5/5/2022 9:24:07 AM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            DJH

Notice Date:   5/5/2022 9:24:07 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

ELECTRONICALLY FILED
5/3/2022 12:35 PM
68-CV-2021-900609.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>- CIVIL - | Co<br>68 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL

**NOTICE TO:** VSG TRANSPORTATION GROUP, INC., C/O NATASHA SUSIC 1325 WEST BELT LINE ROAD, CARROLLTON, TX 75006

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ERBY JOHNSON FISCHER MR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Ave North, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____ pursuant to the Alabama Rules of the Civil Procedure.

04/25/2022                    /s/ KAREN DUNN BURKS                    By: _____
*(Date)*                          *(Signature of Clerk)*                          *(Name)*

☐ Certified Mail is hereby requested.                    *(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ *(Date)*

☑ I certify that I personally delivered a copy of this Summons and Complaint or other document to VSS Transportation Group, Inc.

C/o Auth. Agent - Mark Pethway   in   Dallas   County, Texas
*(Name of Person Served)*                    *(Name of County)*

Alabama on   4-25-2022
*(Date)*

Texas Certified Process Server
*(Type of Process Server)*

Stephen Churkirk   PSC1497   549 430-24
*(Server's Signature)*

Stephen C Buskirk
*(Server's Printed Name)*

330 Blue Ribbon Rd
*(Address of Server)*

Waxahachie, TX 75165

214-399-7293
*(Phone Number of Server)*

**PREFERRED PROCESS SERVICE**
330 Blue Ribbon Rd
Waxahachie, TX 75165
Phone: (214) 399-7293
Fax: (972) 937-4883

## INVOICE

Invoice #SCB-2022000439
5/3/2022



PROCESS DELIVERY SERVICE LLC
8711-C Us Hwy 31
Kimberly, AL 35091

VSS TRANSPORTATION GROUP INC 1325 WEST BELT LINE RD CARROLLTON TX

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Service Fee (Local) | 1.00 | 65.00 | 65.00 |
| Rush Fee | 1.00 | 20.00 | 20.00 |
| TOTAL CHARGED: | | | $85.00 |

**BALANCE DUE:**

$85.00

Please enclose a copy of this invoice with your payment.

Copyright © 1993-2011 Database Services, Inc. - Process Server's Toolbox V8.5n



AlaFile E-Notice

68-CV-2021-900609.00

Judge: DAVID J HOBDY

To:  FISCHER ERBY JOHNSON II
     efischer@forthepeople.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA LYNETTE BANKS V. FREDDY AMADOR BERROA ET AL
68-CV-2021-900609.00

The following matter was served on 4/25/2022

D002 VSS TRANSPORTATION GROUP, INC.
Corresponding To
AUTHORIZED SERVICE

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510