FILED

2022 Oct-21  AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CARLA LYNETTE BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-00668-NAD |
| | ) | |
| VSS TRANSPORTATION | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND

For the reasons stated below and on the record in the October 12, 2022 motion hearing, the court **GRANTS** Plaintiff Carla Lynette Banks' motion to remand (Doc. 8), and **REMANDS** this case to the Circuit Court for Jefferson County, Alabama. The court will enter a separate remand order.

## BACKGROUND

In December 2021, Plaintiff Banks filed this case in the Bessemer Division of the Jefferson County Circuit Court, alleging claims against Freddy Amador Berroa, VSS Transportation Group, Inc, and multiple fictitious defendants.  Doc. 1 at 1; Doc. 1-2 at 3–4.  The case arose from an incident in which Berroa was driving a tractor-trailer for Defendant VSS and allegedly caused a traffic accident by colliding

1

with Banks' vehicle.   Doc. 1 at 1; Doc. 1-2 at 5–6.[1]

In her complaint, Banks alleged causes of action for negligence, negligence *per se*, wantonness, respondeat superior/agency, and negligent/wanton entrustment. Doc. 1-2 at 6–12.   Banks alleged that in the traffic accident she "sustained physical injuries and damages, including, but not limited to, fractured ribs, head and facial pain, pain in the neck, arms, shoulders, thoracic spine, and lumbar spine, pain in the right knee and bruises and contusion to the body."   Doc. 1-2 at 6.   Banks also alleged that she was "forced to miss time off work, in addition to suffering inconvenience, medical costs and expenses, out-of-pocket costs, and mental anguish and emotional distress."   Doc. 1-2 at 6.   Banks alleged that she continues to endure pain and suffering, that she would endure pain and suffering in the future, and that she would continue to incur medical bills, costs, and expenses in the future.   Doc. 1-2 at 7.

Banks sought compensatory damages and punitive damages.   Doc. 1-2 at 7–13.   But Banks' complaint did not plead a specific amount of damages.

On May 24, 2022, VSS timely removed this case based on diversity jurisdiction.   Doc. 1.   According to the notice of removal, Banks is an Alabama citizen, and VSS is a Texas citizen (a Texas corporation with its principal place of

---

[1] Prior to removal, Banks moved to voluntarily dismiss Berroa as a defendant (Doc. 1-2 at 180), and the state trial court granted that motion (Doc. 1-2 at 185).

business in Texas).[2]   Doc 1 at 2–3.

VSS also alleged in the notice of removal that the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 because, while the complaint is silent on the amount of damages, Banks alleges that she suffered "severe injuries" and "mental anguish" and seeks "compensatory damages for pain and suffering, medical expenses and lost time for work," as well as punitive damages.   Doc. 1 at 3–5.

On June 21, 2022, Banks timely filed this motion to remand, conceding diversity of citizenship but arguing that VSS had failed to meet its burden of showing that the amount in controversy exceeded the jurisdictional minimum.   Doc. 8 at 1–2.   Banks argues that, without more, her alleged injuries and damages are insufficient to meet the amount in controversy requirement, and states that she "does not seek recovery in excess of the $75,000 jurisdictional requirement."   Doc. 8 at 5–6.   Banks also submitted an itemization of medical bills arising from the relevant traffic accident, showing that Banks' insurer paid $1,151.80 in benefits and Banks paid $548.48 in copays.   Doc. 8 at 6; Doc. 8-1.

VSS filed a response in opposition, arguing that the allegations in Banks'

---

[2] "As a general matter, fictitious-party pleading is not permitted in federal court," but a limited exception exists where the plaintiff specifically describes the fictitious defendants.   *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).   For removal purposes, a court disregards the citizenship of fictitious parties.   28 U.S.C. § 1441(c).

complaint establish that the amount in controversy exceeds $75,000 because Banks "alleges [she] suffered severe injury," "alleges that [she] will require medical treatment and will experience pain and suffering in the future," "seeks to recover unspecified compensatory damages for these alleged injuries," and "also seeks to recover punitive damages."  Doc. 12 at 1.  In support, VSS cites to other cases in which the amount in controversy requirement was met.  Doc. 12 at 1.  VSS also argues that the itemized subrogation that Banks submitted is not sufficient to justify remand, and that Banks "has not submitted an affidavit disavowing any recovery above the federal jurisdictional minimum."  Doc. 12 at 2–3.

Pursuant to 28 U.S.C. § 636(c)(1) and Federal Rule of Civil Procedure 73, the parties consented to magistrate judge jurisdiction.   Doc. 10.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Generally speaking, federal subject matter jurisdiction over a civil case requires either a question "arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331), or complete diversity of citizenship (28 U.S.C. § 1332).

With respect to diversity, a federal court has jurisdiction where the matter "is between . . . citizens of different States," and where the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C.

4

§ 1332(a)(1).

Further, with respect to removal, the "removal statutes are construed narrowly"; and, "where [the] plaintiff and [the] defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Where a "plaintiff has not pleaded a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Simring v. GreenSky, LLC*, 29 F.4th 1262, 1266 (11th Cir. 2022) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)).

In particular, "[w]hen the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 754 (alteration in original; citation omitted).

Where a defendant "alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). In assessing whether the face of the complaint shows removability, "the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Id.* Rather, "courts may use their

5

judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062.

Furthermore, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061–62 (quoting *Pretka*, 608 F.3d at 754). A "district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Id.* at 1062 (quoting *Pretka*, 608 F.3d at 770).

But where it is not facially apparent that a case is removable, the defendant's "burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe*, 613 F.3d at 1061 (citing *Pretka*).

A removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. But, without sufficient evidence, the court cannot engage in "impermissible speculation" to find that the amount in controversy exceeds the jurisdictional requirement. *Id.* at 752–54 (quoting *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007)).

## DISCUSSION

Based on the controlling law, the allegations in Plaintiff Banks' complaint,

and the record evidence, the court must remand this case to the state trial court. Defendant VSS has not carried its burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *See, e.g.*, *Simring*, 29 F.4th at 1266.

As a threshold matter, everyone agrees that the parties are completely diverse, and that Banks did not plead a specific amount of damages in her complaint.   In addition, VSS did not submit any evidence with either its notice of removal (Doc. 1), or its opposition to Banks' motion to remand (Doc. 12).   And VSS did not offer any evidence at the October 12, 2022 motion hearing.   Instead, VSS argues that removal is proper because it is facially apparent from Banks' complaint that the amount in controversy exceeds the jurisdictional requirement.   *See, e.g.*, *Roe*, 613 F.3d 1058.

Consequently, the only question before the court is whether Banks' "complaint itself satisfies the defendant's jurisdictional burden."   *Roe*, 613 F.3d at 1061.

As noted above, VSS argues that "the allegations of the Complaint establish the amount in controversy is met" (Doc. 12 at 2–3) based on the following:   the "Complaint alleges that Carla Banks suffered severe injuries in this accident"; the "Complaint further alleges Banks has suffered mental anguish"; "Banks seeks compensatory damages for pain and suffering, medical expenses and lost time from

work" (Doc. 1 at 4; *see* Doc. 12 at 1); the "Complaint specifically alleges that Banks will require medical treatment and will experience pain and suffering in the future" (Doc. 12 at 1); and Banks "also seeks an award of punitive damages" (Doc. 1 at 4; *see* Doc. 12 at 1).  *See also* Doc. 1-2 at 6–7 (allegations in Banks' complaint regarding injuries and damages).

VSS is correct that Banks does seek damages for "severe injury," mental anguish, pain and suffering, medical expenses, lost time from work, "future medical treatment," and future pain and suffering.  Doc. 12 at 1, 3; *see supra*.  But VSS provides no basis for any kind of dollar-value benchmark to attach to those injuries and damages that Banks alleges.   As noted above, the only record evidence—which was submitted by Banks—is an itemization of medical bills showing that Banks' insurer paid $1,151.80 in benefits, and that Banks paid $548.48 in copays.   Doc. 8 at 6; Doc. 8-1.   VSS has not provided any affidavit or other evidence to show that the alleged damages, including for any future medical treatment, exceed the jurisdictional requirement.

Without more, an allegation that Banks' injury was "severe" provides no basis to value the amount in controversy.  That is because alleged "'severe' injuries to one person could easily be only minor injuries to all others." *Kidd-Hicks v. Bellemere Props., LLC*, Case No. 7:18-cv-00753-LSC, 2018 WL 4840113, at *1–2 (N.D. Ala. Oct. 4, 2018).  Likewise, VSS relies on caselaw stating that a plaintiff

"who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000."   Doc. 1 at 4–5 (quoting *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317, 1318 (N.D. Ala. 2015)); Doc. 12 at 2. But, from the face of the complaint, nothing demonstrates that Banks' alleged injuries amount to "very substantial personal injury" (*id.*), or that the amount in controversy exceeds the jurisdictional requirement.

In this case, Banks' complaint alleges relatively minor injuries—the most serious of which appears to be fractured ribs—that apparently did not require any surgery.   *See* Doc. 1-2 at 6.   Particularly given the uncontested record evidence that Banks' medical costs totalled less than $2,000 (Doc. 8 at 6; Doc. 8-1), the allegations of "severe" injury, mental injury, lost time from work, past and future medical expenses, and past and future pain and suffering do not make it facially apparent that Banks' alleged injuries are so severe or substantial that the amount in controversy exceeds the jurisdictional requirement.

Next, VSS again is correct that Banks' complaint does seek punitive damages; and, when assessing the amount in controversy, a court considers a request for punitive damages "unless it is apparent to a legal certainty that such cannot be recovered."   *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th

Cir. 1987).  Here, there is no legal certainty that Banks cannot recover punitive damages, so the court does consider her request for punitive damages.  But, again, VSS has provided no information or evidence based on which the court could assess a potential valuation for the punitive damages that Banks seeks—especially given the apparently low amount of compensatory damages at issue.  Instead, VSS cites to other cases in which courts in this district have found that the amount in controversy requirement was met based on allegations of severe injury and requests for punitive damages.  Doc. 12 at 1.

However, the cases that VSS cites are factually distinguishable.  Those cases involved more serious injuries that would have put at stake damages sufficient to satisfy the jurisdictional requirement—as a matter of "judicial experience and common sense" based on "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings."  *Roe*, 613 F.3d at 1061–62 (quotation marks omitted).  For example, one of those cases involved not only a request for punitive damages, but also alleged disfigurement and permanent disabling injuries.  *See Hogan v. Mason*, No. CV 2:16-BE-1732-S, 2017 WL 1331052, at *3 (N.D. Ala. April 11, 2017).  Another involved allegations of three major surgeries and permanent disabling injuries, along with a request for punitive damages.  *See Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1283–84 (N.D. Ala. 2013).  Based on "judicial experience and common sense" (*Roe*, 613 F.3d at

10

1061–62), the alleged injuries in those cases were more severe than Banks' alleged injuries (the most serious of which was fractured ribs, *see* Doc. 1-2 at 6).  And, given those more severe alleged injuries, "it [wa]s facially apparent from the complaint[s]" in those cases that "the amount in controversy exceed[ed] the jurisdictional requirement."  *Pretka*, 608 F.3d at 754.

Here, VSS has not identified any case in which a court has ruled that removal was proper based on a complaint that involved alleged injuries and damages that are substantially similar to the alleged injuries and damages in this case.  Illustratively, in *Caldwell v. Williams*, the court ordered remand in a slip-and-fall case that involved alleged injuries including a torn rotator cuff (which required surgery), physical pain, emotional distress, anguish, permanent injuries, disfigurement, past and future expenses, and lost earnings and earning capacity, because the defendant had not introduced sufficient evidence to satisfy the jurisdictional amount in controversy requirement.  *See* No. 4:21-CV-563-CLM, 2021 WL 5416387, at *1–3 (N.D. Ala. Nov. 19, 2021).

Finally, VSS also argues that "Plaintiff has not submitted an affidavit disavowing any recovery above the federal jurisdictional minimum."  Doc. 12 at 2–3.[3]  But, while the lack of such a disavowal or stipulation is probative of the amount

---

[3] As noted above, Banks states in her motion to remand that she "does not seek recovery in excess of the $75,000 jurisdictional requirement," but Banks' counsel clarified at the October 12, 2022 motion hearing that this statement should be

in controversy, it is not dispositive.   According to the Eleventh Circuit, "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [a removing defendant's] burden of proof on the jurisdictional issue." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001); *see also Caldwell*, No. 4:21-CV-563-CLM, 2021 WL 5416387, at *3 (considering a refusal to stipulate, and reasoning that under Eleventh Circuit precedent such a refusal is not dispositive).   That rule makes sense because it is the removing defendant that must carry the burden of proving the amount in controversy (by a preponderance of the evidence), and not the plaintiff seeking remand.   *See Simring, LLC*, 29 F.4th at 1266; *accord Williams*, 269 F.3d at 1319 ("We reiterate that the burden of proving jurisdiction lies with the removing defendant.").[4]

---

understood to say that the complaint does not allege a specific amount of damages and not as a stipulation or disavowal regarding the amount in controversy.   Doc. 8 at 6.

[4] There are some cases from this district that suggest that a plaintiff who seeks "to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that [the] plaintiff will never accept more." *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012); *accord Seckel v. Travelers Home & Marine Ins. Co.*, No. 4:12-CV-4163-KOB, 2013 WL 360421, at *2 (N.D. Ala. Jan. 29, 2013) (stating that the plaintiff "could have submitted an affidavit in support of his motion to remand specifically stating that he does not claim any more than $74,999.99, even if he did not state such an intention in his state court complaint").   But those cases have "routinely been criticized and rejected by other district courts for impermissibly shifting the burden to establish jurisdiction to the non-removing party." *Watts v. SCI Funeral Servs., LLC*, No. 2:19-CV-01219-

2fd61e7a5ea4baab

\*       \*       \*

Having considered each of VSS's arguments, the court must conclude that VSS has not carried its burden to show by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional requirement.  *See, e.g.*, *Simring*, 29 F.4th at 1266.   In this case, it is not "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."   *Pretka*, 608 F.3d at 754.   While a defendant need not "prove the amount in controversy beyond all doubt" or "banish all uncertainty," the court cannot engage in "impermissible speculation."   *Pretka*, 608 F.3d at 752–54.   That is because the Eleventh Circuit instructs that "uncertainties" about removal jurisdiction "are resolved in favor of remand."   *Burns*, 31 F.3d at 1095.

## CONCLUSION

For the reasons stated above, the court **GRANTS** Plaintiff Banks' motion to remand (Doc. 8).   The court **DIRECTS** the Clerk of Court to **REMAND** this case to the Circuit Court for Jefferson County, Alabama (Bessemer Division).   The court separately will enter a remand order.

**DONE** and **ORDERED** this October 21, 2022.

_____

**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE

---

JHE, 2020 WL 1310559, at \*4 n.5 (N.D. Ala. March 18, 2020) (collecting cases).